AUGUST NOEL et al., Appellants, *v.* FREDERICA M. KINNEY, Impleaded, etc., Respondent.

Where a wife authorizes her husband to contract in matters relating to, and for the benefit of her separate estate, and in executing such a contract to use the name of a firm ostensibly composed of herself and her husband, she is liable upon an obligation so executed; and this, without regard to the question as to whether such a firm in fact exists, or as to whether as matter of law they were capable of assuming the relation of co-partners.

As to all contracts, relating to her separate estate or made in the course of her separate business, a married woman stands at law on the same footing as if unmarried, and can, therefore, make or authorize her husband as agent to make for her, negotiable paper which will be governed by the law merchant; and may be sued upon it in the ordinary way by general complaint without special averments.

A married woman may be estopped by her acts and declarations in any matter in respect of which she is capable of acting *sui juris.*

(Argued May 4, 1887; decided June 7, 1887.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made February 24, 1885, which denied a motion for a new trial and directed judgment for defendant Frederica M. Kinney.

The nature of the action and the material facts are stated in the opinion.

*Nicholson P. O'Brien* for appellants. The coverture of the defendant does not constitute a defense to a debt contracted in the trade or business in which she was engaged, building and improving her real and separate estate, in connection with which the goods were sold and delivered, and she is bound to the same extend as a *feme sole.* (*Frecking* v. *Rolland,* 53 N. Y. 422; *Owen* v. *Cawley,* 36 id. 600; *Bullin* v. *Dillaye,* 37 id. 35; *Manhattan Co.* v. *Thompson,* 58 id. 82.) She was the sole owner of the trade or business, and the property being improved was her separate estate; such a debt will be enforced against her to the same extent as if she were unmarried. (*Cashmar* v. *Henry,* 75 N. Y. 113; *Bitter* v.

*Ruthmar*, 61 id. 512; *Tiemeyer* v. *Turnquist*, 85 id. 516; *Saratoga Co. B'k* v. *Pruyn*, 40 id. 254.) A married woman has the power to enter into a business partnership with her husband. (*Graff* v. *Kinney*, 15 Abb. 397.) The goods, which the note in question was made and delivered in payment for, being used in the trade or business in which defend-ant was engaged, viz., building on and improving her real and separate estate, and the transaction being in fact and substance exclusively on her credit and for her individual benefit, and notwithstanding the fact that the note is in the name of J. P. Kinney & Co., it was made and executed in her business and should be regarded as her note. (*Berkshire Woolen Co.* v. *Julliard*, 75 N. Y. 539; *Crary* v. *Goodman*, 12 id. 266–268, *Murtha* v. *Curley*, 90 id. 372.)

*G. Storms Carpenter* for respondent. The note in suit is void, so far as this defendant is concerned, for the reason that it contains no stipulation or consent that her separate estate shall be charged with the payment thereof. (*Corn Ex. Bk.* v. *Babcock*, 42 N. Y. 614.) And for the further reason that the goods in payment for which said note was given had been sold to the defendants (husband and wife) jointly, this defendant (the wife) was not liable for the purchase-price thereof, but the husband alone. (*Knapp* v. *Smith*, 27 N. Y. 277; *In re Boyle's Estate*, 1 Tucker, 4.) Husband and wife cannot transact business together as a firm or co-part-ners in trade. The statutes by which a married woman acquired the right to engage in trade or business at all only authorized her to carry on a business or trade in a certain manner, to wit., upon her sole and separate account, and only to contract, and incur obligations in respect to same. (*Cole-man* v. *Burr*, 93 N. Y. 17, 23, 24, 25; Laws of 1860, chap. 90; Laws of 1862, chap. 172; *Bertles* v. *Nunan*, 92 N. Y. 152; *Kaufman* v. *Shoeffel*, S. C. Gen. T., 5th dept. 1885; 37 Hun, 140; *Yale* v. *Dederer*, 18 N. Y. 265; *Linderman* v. *Farquharson*, 101 id. 434; *Fairles* v. *Bloomingdale*, 14 Abb. [N. C.] 344; *Bodine* v. *Killeen*, 53 N. Y. 96; *In re*

*Boyles Estate*, 1 Tucker, 4.) Prior to the acts of 1860 and 1862, a married woman could not carry on a business upon her sole and separate account so as to hold the earnings thereof protected from the claims of her husband's creditors, but such assets were assets of his estate. (*In re Boyle's Estate*, 1 Tucker, 4; *Goulding* v. *Davison*, 26 N. Y. 604; *Manchester* v. *Sahler*, 47 Barb. 155; *Robinson* v. *Rivers*, 9 Abb. [N. S.] 144; *Bodine* v. *Killeen*, 53 N. Y. 96; *White* v. *Waiger*, 25 id. 333; *Meeker* v. *Wright*, 46 id. 262–273; *Bertles* v. *Nunan*, 92 id. 152.)

DANFORTH, J. The action is upon a note signed "J. P. Kinney & Co." payable to the order of plaintiff at bank for $505, value received. The complaint contains allegations usual in such cases, and sufficient to charge the defendants, as partners, under the name affixed to the note. Frederica M. Kinney alone answered, and her sole defense is, that at the time stated she was a married woman, and that the note was executed and delivered by her husband; there is, however, no allegation that it was made without her knowledge and consent, nor that it was made without her authority. Upon the trial the plaintiff put the note in evidence, and the defendant proved her marriage with the other defendant. There was evidence from which the jury might have found that she was the owner of improved real estate in the city of Brooklyn; that the consideration of the note was the purchase-price of mirrors placed in houses built upon her land and that the mirrors were unpaid for. The note was fairly taken and the consideration delivered upon the representation by the husband that the wife was the sole owner of the property and that the name of J. P. Kinney & Co. was used as mere matter of convenience in transacting her business. It does not appear that there was any business except in relation to the houses. No question was made as to the authority of defendant's husband to execute the note, nor as to the truth of his representations.

The defendant Frederica moved to dismiss the complaint upon the ground that, as to her, the note was invalid; "its

form," as her counsel stated, "showing it was not given in respect to her separate business or estate." The trial judge directed a verdict for the plaintiff subject to the opinion of the court. It was so rendered, but on motion of the defendant's counsel, afterwards set aside by the same judge, and judgment ordered for the defendant. Exceptions taken by the plaintiffs to this ruling were directed to be heard in the first instance at General Term, judgment in the meantime to be suspended. The General Term overruled the exception and ordered judgment for the defendant.

It is obvious that the contract, in fulfillment of which the note was given, was of value to the defendant, for by it she acquired articles for the improvement of her property. She retains those articles and has so far avoided payment upon the ground that she and her husband, upon contracting and consummating marriage became one person, and so incapable of thenceforth contracting one with the other ; that, therefore, they could not be partners, and, as the contract sued on was, in form, a co-partnership contract, it could not be enforced against her. If this is the present rule of law then the statutes which enable the woman to acquire and hold property, to bargain, sell, assign and transfer it, to carry on any trade or business and perform any labor or service on her own account, and which protect her in the enjoyment of her earnings from her trade, business, labor or services, and permit her to use and invest these earnings, are effectual only so far that she may alone or jointly with any person or persons, save her husband, derive profit and increase from her work and gain from the use of her estate. If they are to be so limited in her favor, they may easily, as in this instance, become not merely enabling statutes for her benefit, but also, in her hands, instrumentalities of fraud.

Upon the precise question presented, the opinion of the court below assumes that the decisions of other courts are conflicting, but we are referred to no case in this court where a woman has successfully asserted her coverture as a defense to an action for the price of goods purchased by her, and I

am unable to see why, as against creditors, she should be permitted to interpose the mere form of her promise as an obstacle to their recovery. It is settled that the things, which the statutes above referred to permit her to do in person, she may also do by another as her agent. This is necessarily so, for she is allowed to act in respect to them as if unmarried; and it cannot be doubted that the improvement of her land or the management of her personal property, whether for preservation or business, may be conducted by her by means of any agency which any other owner of property might employ, and that the produce and increase thereof will be hers. (*Knapp* v. *Smith*, 27 N. Y. 277, 278; *Abbey* v. *Deyo*, 44 id. 343, 344.) So she may do those things through her husband as her agent. (*Abbey* v. *Deyo*, *supra* ; *Rowe* v. *Smith*, 45 N. Y. 230.) She may also have such a community of interest with him in relation to real estate as will render her liable for his frauds relating to it, and when he, professing to act as her agent makes false representations, although without her knowledge and she receives the proceeds, she cannot retain the fruits of his fraud. (*Krumm* v. *Beach*, 96 N. Y. 398.)

Again as to all contracts relating to her separate estate, or made in the course of her separate business, she stands at law on the same footing as if unmarried, and can, therefore, make negotiable paper which will be governed by the law merchant, and can be sued upon in the ordinary way by general complaint, and without special statements. (*Frecking* v. *Rolland*, 53 N. Y. 422.) Nor can she escape liability because she and her husband are joint makers of the note sued on. In *Frecking* v. *Rolland* (*supra*) the action was on a joint promissory note signed by the defendants, who were husband and wife. He set up usury and she set up coverture. The court directed a verdict for the wife, and the jury gave a verdict against the husband. The creditor appealed. The General Term affirmed the verdict in favor of the wife, and the creditor appealed to this court. Against the appeal it was argued (1st) that being a married woman she was not liable for the note in suit;

(2d) that the complaint being general and not specific, was insufficient to charge her property. Neither objection prevailed, and the judgment in her favor was reversed. There the husband, acting for himself and as the agent of his wife, borrowed money with which to pay for a factory bought by her. The money was loaned to them, and was in part so applied. The note was given for the money loaned and for services. The court, in answering the defendant's objections, show that the capacity of a married woman to make contracts relating to her separate business is incident to the power to conduct it, since the latter would be barren and useless if disconnected with the right to conduct it in the way and by the means usually employed. In the case cited she became a joint contractor with her husband, but she was as much bound to perform the joint engagement as if the undertaking had been several, and she did not escape liability because her joint contractor was her husband. It was not necessary to inquire in that case whether the one paying could obtain contribution from the other, nor is it necessary to go into that question here. In that case both undertook to pay the creditor; in this case both undertake to pay the creditor. Can it make a difference in the measure of liability that in one case the married woman entered in her own name and her husband in his name in the execution of a joint obligation, and in the other case adopted a name which represents a joint liability, which may in effect also be several? Partners are at once principals and agents — each represents the other — and if in the relation of partnership there are obligations which a married woman cannot enforce against her husband, or the husband against the wife, they involve no feature of the present action, which asserts only the obligation of a debtor to discharge her debt, or the obligation of a promissor to fulfill her promise.

More like the present case is that of *Scott* v. *Conway* (58 N. Y. 619), where, in an action for the price of labor and materials supplied to a theater carried on by Sarah G. Conway and her husband, Frederick B., under the name of "Mrs. F. B. Conway's Brooklyn Theater," and in which the wife and

husband were jointly interested, it was held to be no defense against one who dealt with her in ignorance of the partnership that she had a dormant partner, and that the rule was not changed by the fact that the partner was her husband.

In *Bitter* v. *Rathman* (61 N. Y. 512) it was held that a married woman, who in secret trust for her husband becomes a member of a co-partnership, is to be regarded as the owner of the interest she represents, and might maintain an action for the dissolution of the co-partnership and for an accounting. The defendant in that case denied that she was a partner and asserted that he alone was interested in the business, claiming that being a married woman she could not in law be his partner. The court held otherwise, and also that, having suffered herself to be regarded by the public as a partner, she was liable as such to the creditors of the ostensible firm, although it might be otherwise in respect to her husband and his creditors. It would seem, therefore, that by becoming a partner either with a husband or another person a married woman loses no right of property. And no principle is suggested upon which her estate can be increased at the expense of creditors, nor how either in her own name or in her own name and that of another, or with another, she can purchase goods on credit to the advantage of her separate estate and not become liable for its payment. In *Coleman* v. *Burr* (93 N. Y. 17), cited by the appellant, the sole question was whether the conveyance of property by the husband to his wife was sustained by a consideration good as against his creditors, who impeached it. Here the wife was as capable of contracting as if she had been unmarried, as capable of adding to her estate by fresh acquisitions, and she should not be permitted to escape payment or performance by joining to her own name that of her husband, or by combining the two into a firm or partnership name. It was by that name she chose to contract, and as between herself and creditors she is bound by it. Individuals may be liable as partners to third persons, while as between themselves they are not. Here, then, the question is not between husband and wife. Assume that as to and with him she has no capacity. It by no means

follows that she shall not be held upon a contract made by him upon a consideration moving to her, where a third person, who parted with that consideration in reliance upon the husband's apparent — and which turns out to have been a real agency, seeks to enforce the contract. If the adoption of a firm name was a mere contrivance to carry on the business jointly, and at the same time put the property acquired and added to the wife's separate property out of the reach of creditors dealing with either *bona fide* as the partner of the other, it should not be permitted to have that effect. If, as the testimony shows, the wife was the sole owner of the property, that the husband had no interest in it, but that for convenience they were doing her business in the name of J. P Kinney & Co., her liability for a debt contracted in that name is entirely consistent with the fact, if it be a fact, that as between the parties themselves no partnership exists. This is so, although the plaintiff alleges in the complaint that the defendants are partners, and that allegation is not denied. For the purposes of the action it may be true. The plaintiff gave credit to them as such, but the goods he sold were intended by them to be annexed to the wife's separate estate and they were so annexed. If the arrangement was valid between all parties there is no pretense of a defense. If invalid only as between the defendants, the wife, who received the fruits of the transaction, cannot as against a creditor assert its invalidity. Although married she may be estopped by her acts and declarations in any matter in respect of which she is capable of acting *sui juris.* (*Bodine* v. *Killeen,* 53 N. Y. 93 ) In this instance the plaintiff proved the contract, that it was made by her authorized agent and that it had reference to the improvement and benefit of her separate estate. She had capacity to do all these things, and if the arrangement which led to the use of her husband's name as joint promissor or partner, was beyond her power to enter into, she must meet that liability without regard to any question whether her husband is also liable, or as to what rights of indemnity or otherwise, she might have against him. She was a principal

and he was her agent. He neither exceeded his power nor were his acts to her prejudice, and if by reason of any technical incapacity they could not contract with each other, or together as constituting that artificial entity, a firm or co-partnership (a question we do not decide), she is liable and the contract enforceable against her in favor of the plaintiff whose property has been added to her estate upon the strength of a promise made in her name by her authorized agent.

We think the court erred in directing judgment for the defendant. It should be reversed and the plaintiff have judgment upon the verdict.

All concur.

Judgment accordingly.