### *In re* PATTERSON'S WILL.

(*Common Pleas of New York City and County, Special Term.* January 19, 1892.)

WILLS—PROBATE—TRIAL IN COMMON PLEAS—POWER OF JUDGE.

Where issues of fact in a proceeding for the probate of a will are sent to the court of common pleas for trial by jury, (Code Civil Proc. § 2588,) the judge before whom such issues are tried has no authority to make an order for the production of witnesses under section 2618, which provides that "any party who contests the probate of a will may, by notice filed with the surrogate at any time before proofs are closed, require the examination of all the subscribing witnesses to a written will, or of any other witnesses whose testimony the surrogate is satisfied may be material."

Proceeding by George W. Patterson for the probate of the will of John Patterson, deceased. Proponent moves to vacate an order of a judge of the court of common pleas, requiring proponent to produce for examination certain witnesses. Motion granted. For former reports, see 13 N. Y. Supp. 463; 16 N. Y. Supp. 146. See, also, 8 N. Y. Supp. 872; 10 N. Y. Supp. 303; 16 N. Y. Supp. 171.

*Henry Hoyt* and *Christian G. Moritz,* for proponent. *Booraem, Hamilton & Beckett,* for contestants.

DALY, C. J. The proceeding for the probate of this will is now in this court, pursuant to an order of the general term of the supreme court of this district, (13 N. Y. Supp. 463,) which reversed the decree of the surrogate admitting said will to probate, and directed the issues to be tried by a jury in this court, (Code, § 2588.) The contestants applied for and obtained from a judge of this court, on January 12, 1892, an order such as the surrogate is authorized to make under section 2618 of the Code, for the production of witnesses, and the proponent now moves to set aside such order on the grounds: (1) That a judge of this court has no power to make such an order; and (2) that the surrogate has already made an order under said section. The section in question provides that "any party who contests the probate of a will may, by a notice filed with the surrogate at any time before proofs are closed, require the examination of all the subscribing witnesses to a written will, or of any other witnesses whose testimony the surrogate is satisfied may be material; in which case all such witnesses who are within the state, and competent and able to testify, must be so examined." When the proceeding for the probate of this will was originally before the surrogate, the contestant filed a written notice pursuant to said section, requiring the examination of certain witnesses, and the surrogate made an order requiring proponent to produce them, and examine them when so produced. It is now contended by the contestants that upon the trial of the issues before the jury the same witnesses must be examined, and that it is the duty of this court, acting in place of the surrogate, to require their production by the proponent of the will. Acting under this view, the contestant has filed written notice in this court, and obtained the *ex parte* order of a judge requiring the proponent to produce such witnesses, and it is that order which the proponent asks this

court to vacate. It has been held by the surrogate that a will cannot be admitted to probate until the production and examination, under section 2618, of witnesses whom he deemed to be material. ROLLINS, S., in *Re McGovern*, 8 N. Y. St. Rep. 782. But in the same case the surrogate decided he had no power to make an order under that section after proceedings for probate had been removed to the court of common pleas pursuant to section 2547 of the Code; and that the materiality of the witnesses must be determined, if at all, by the latter tribunal. When the question came up in this court it was held that we had no power to make the order. ALLEN, J., in *Re McGovern*, Special Term, April, 1887.[1] The reason given by the learned judge was that when the legislature provided for a trial in this court it is to be presumed that it intended that such trial was to be conducted according to the rules and practice which prevail in this court in the trial of issues of fact in other causes, and that the examination allowed by section 2618 is one within the exclusive jurisdiction of the surrogate, and should have been asked for when the proceeding was pending before him. It may fairly be inferred from the opinion of the late Judge ALLEN that in his view an order made by the surrogate when the proceeding for probate was before him, for the production of witnesses whom he deemed material, would be effectual, after the removal of the proceeding to this court, to require the proponent to produce such witnesses. If this decision be correct, then the contestants do not need the order they have obtained from a judge of this court, because the surrogate, when he had jurisdiction, made an order to the same effect, and such order is still operative, notwithstanding the trial is now in this court; but I am, of course, bound to follow that decision, and to hold that this court has no power to make the order. Motion to vacate order of January 12, 1892, granted, with $10 costs to proponent, to abide event.

[1] Not reported.