HEDWIG BLAECHINSKA, Respondent, *v.* HOWARD MISSION AND HOME FOR LITTLE WANDERERS, Appellant.

The provision of the act in relation to married women (Chap. 90, Laws of· 1860, as amended by chap. 172, Laws of 1862), making the property a married woman "acquires by her trade, business, labor or services, carried on or performed on her sole and separate account," her separate property, does not apply to labor performed by her for her husband and she cannot make a binding contract with him for her services having no connection with a separate business and estate although the same are to be rendered outside of her household duties. While he cannot require her to perform services for him outside of the household, such services as she does render, whether within or without the strict line of her duty, belong to him, and a promise to pay therefor is simply a promise to make her a gift, and so is not enforceable.

In an action by a married woman to recover damages for injuries sustained through the alleged negligence of defendant, the plaintiff was permitted to testify, under objection, that before the accident she did the housework and worked for her husband as a seamstress, receiving from him a weekly salary, but because of the injury was no longer able to do this work. The court charged that if plaintiff was entitled to recover she could recover for the loss of wages she had sustained. *Held*, error ; that plaintiff could recover actual damages only; and that the consequential damages for loss of her services, both in the house and as seamstress, could be recovered only in a separate action brought by her husband in his own name.

*Brooks* v. *Schwerin* (54 N. Y. 343), distinguished.

*Blaechinska* v. *Howard Mission, etc.* (56 Hun, 322), reversed.

(Submitted December 22, 1891; decided January 20, 1892.)

APPEAL from a judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made April 22, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The plaintiff, a married woman, brought this action to recover from the defendant, a charitable corporation, the damages that she claims to have sustained through its alleged negligence in maintaining a broken cover over a coal-hole in a public sidewalk, which caused her to fall and break her arm. The pleadings presented the usual issue as to the negligence of each party, and the jury rendered a verdict in favor of the plaintiff for five hundred dollars.

Further facts are stated in the opinion.

*Horace H. Chittenden* for appellant. In this action damages by reason of loss of wages which had been previously paid plaintiff by her husband for services cannot be recovered. (*Coleman* v. *Burr*, 93 N. Y. 17; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 47; *Whittaker* v. *Whittaker*, 52 id. 368; *Dawson* v. *City of Troy*, 49 Hun, 322.) These damages, to be recoverable, must be pleaded. (*Gumb* v. *R. R. Co.*, 114 N. Y. 411.)

*Ezekiel Fixman* for respondent. The testimony offered by plaintiff as to the receipt by her of wages was properly received, and the exception of defendant to its reception was not well taken. (Laws of 1860, chap. 90; *Reynolds* v. *Robinson*, 64 N. Y. 593.) A married woman, in an action for personal injuries, may recover for her loss of earnings arising out of her employment other than her household duties. (*Brooks* v. *Schwerin*, 54 N. Y. 343; *Birbeck* v. *Ackroyd*, 74 id. 356; *Reynolds* v. *Robinson*, 64 id. 593.) This court will not review the decision of a jury upon the facts. (*McGrath* v. *N. M. Bank*, 104 N. Y. 417.)

VANN, J. Upon the trial of this action the plaintiff testified that at the time she was injured she was living with her husband, a custom tailor, for whom she worked as a seamstress. She was then asked by her counsel: "Were you in receipt of a salary from him?" And under objection answered: "Yes, I received a salary of five and six dollars a week, and I did all the housework and now I can't do it and I must have help, I used to do very good tailoring, but I can't do it now." On

her cross-examination she testified that she used the money thus earned by her for the children and the general support of the family. It did not appear that she had any separate estate or business. The court charged the jury that the plaintiff, if she could recover at all, was entitled " to recover for the loss of wages which she has sustained." The exceptions taken by the defendant to these rulings present the only question that we are asked to decide on this appeal. The learned General Term affirmed the judgment of the Circuit on the ground that the money which the plaintiff had been accustomed to receive from her husband for services rendered outside of her household duties, was her own property and that the loss of the salary could be given in evidence as an element of damage the same as if she had been working for a stranger. The only cases cited in support of this conclusion are *Brooks* v. *Schwerin* (54 N. Y. 343), and *Reynolds* v. *Robinson* (64 id. 589).

The enabling act of 1860 (L. 1860, ch. 90, as amended by L. 1862, ch. 172), makes separate property out of that which a married woman " acquires by her trade, business, labor or services, carried on or performed on her sole and separate account." As the husband is entitled to the services of his wife at common law, it has uniformly been held that the statute does not apply to labor performed by her for him in his household, even if it is of somewhat extraordinary character. (*Reynolds* v. *Robinson*, 64 N. Y. 589 ; *Coleman* v. *Burr*, 93 id. 17.)

But the husband's right to the services of his wife is not limited to those performed for him in his house, for when she works for him out of doors upon his farm, she is entitled to no pecuniary compensation, and his written promise to pay her therefor is without consideration. (*Whitaker* v. *Whitaker*, 52 N. Y. 368, 371.) When she works with her husband for another and their joint earnings are used to support the family, if there is no special contract that she is to receive the avails of her labor, they belong to him and he is entitled to recover their value. (*Birkbeck* v. *Ackroyd*, 74 N. Y. 356 ; *S. C.*, 11 Hun, 365 ; *Beau* v. *Kiah*, 4 id. 171.)

Until recently the power of a married woman to make general contracts, not relating to labor to be " performed on her sole and separate account," depended upon the act of 1860, and the possession of a separate estate, or engagement in a separate business, was essential to their validity, although she might become liable through her representations by estoppel. (*Linderman* v. *Farquharson*, 101 N. Y. 434; *Frecking* v. *Rolland*, 53 id. 422; *Corn Exchange Ins. Co.* v. *Babcock*, 47 id. 613; *Bodine* v. *Killeen*, 53 id. 93.)

In 1884 her powers were amplified so that she may now enter into contracts to the same extent, with like effect and in the same form as if unmarried, whether such contracts relate to her separate estate or not, but this enlargement of her rights does not extend to any contract between herself and her husband. (L. 1884, ch. 381.)

She has further been authorized by statute to convey lands directly to and accept conveyances directly from her husband, without the intervention of a third person. (L. 1887, ch. 537.)

Under the act of 1860, she could contract with her husband in relation to her separate estate, for as to that she stood " at law on the same footing as if unmarried." (*Noel* v. *Kinney*, 106 N. Y. 74, 78; *Stanley* v. *Nat. Union Bank*, 115 id. 122; *Manchester* v. *Tibbetts*, 121 id. 219; *Suau* v. *Caffe*, 122 id. 308; *Third National Bank of Buffalo* v. *Guenther*, 123 id. 568; *Owen* v. *Cawley*, 36 id. 600; *Bodine* v. *Killeen*, 53 id. 93; *Frecking* v. *Rolland*, Id. 422; *Knapp* v. *Smith*, 27 id. 277; *Seymour* v. *Fellows*, 77 id. 178.)

The contract in *Hendricks* v. *Isaacs* (117 N. Y. 411) was doubtless regarded as not relating to the separate estate of the wife, and on this basis it is not in conflict with the authorities cited above.

But while she can thus contract with her husband with reference to her separate property, can she make a binding agreement with him as to her own services, to be rendered outside of her household duties and having no connection with a separate business or estate? In other words, can she hire out to him, to work in his store or factory, and compel him to pay

the price agreed upon for her services ?   If she can, it follows that the plaintiff was entitled to her earnings under the contract that may be implied from the payment of wages to her by her husband, and her ability to earn having been impaired by the negligence of the defendant, the fact was properly proved before and submitted to the jury.   Otherwise, the evidence objected to was improperly received, and it was error to instruct the jury that they might consider it in assessing the damages. As a man cannot make a valid contract to pay his wife for extraordinary services rendered in his household, or for working on his farm, how can he make a valid contract to pay her for helping him make clothes in his business as a custom tailor? What basis is there for any distinction ?   Does the statute, which so modified the common law as to give to the wife her earnings from her own labor performed on her "sole and separate account," contemplate that services for her husband can be performed on her "sole and separate account," unless they have some relation to a separate estate ?   Under the rule laid down in *Coleman* v. *Burr* and *Whitaker* v. *Whitaker* (*supra*), the words " sole and separate account," as used in the statute, cannot mean simply an election on the part of the wife to work for her own benefit, regardless of whom the work is done for.   In those cases her election to work for herself, although manifest, did not take the contract out of the common-law rule.   In deciding *Whitaker* v. *Whitaker*, the court used this significant language : " If a wife can be said to be entitled to higher consideration or compensation because she labors in the field instead of in her household   *   *   *   the law makes no distinction.   It never has recognized the right to compensation from her husband on account of the peculiar character of her services."   It seems to be the policy of the legislature, as indicated by recent enactments, to relieve every married woman of the disability of coverture in contracting with any-one except her husband.   As to him, the restriction is continued, except that the formality of conveying real estate through the medium of a third person is no longer required. The object of the legislature was probably to protect the

marital relation, as well as to prevent the perpetration of frauds upon creditors. Every experienced observer realizes that an unlimited right on the part of the wife to contract with her husband, would afford an easy cover for fraud and would be a perpetual menace to creditors.

The enabling statutes do not relieve a wife of the duty of rendering services to her husband. While they give her the benefit of what she earns, under her own contracts, by labor performed for anyone except her husband, her common-law duty to him remains and if he promises to pay her for working for him, it is a promise to pay for that which legally belongs to him. The fact that he cannot require her to perform services for him outside of the household does not affect the question, for he could not require it at common law. Such services as she does render him, whether within or without the strict line of her duty, belong to him. If he pays her for them it is a gift. If he promises to pay her a certain sum for them, it is a promise to make her a gift of that sum. She cannot enforce such a promise by a suit against him. We think the rule is well stated by a recent writer when he says that the enabling acts do not apply to the labor performed by a married woman " for her husband, or bestowed on his business, or in his household, or in his care, or in the care of his family, for in such cases it is her marital duty and he is not liable to pay for the services of his wife." (Kelly's Contracts of Married Women, 153.) These views are not in conflict with *Brooks* v. *Schwerin* (54 N. Y. 343). The plaintiff in that case, a married woman, lived with her husband, and took charge of the family. Having been injured by the negligence of the defendant she was allowed to show, under objection, on the trial of an action brought to recover damages therefor, that she had worked out and received ten shillings a day. The court refused to charge that she could not recover for her time and services while disabled. It was held by three out of the five commissioners who participated in the decision that the evidence was competent and that the request was too broad and was properly refused for that reason.

The distinction between that case and this is that in the former the wife worked for a third person, while in the latter she worked for her husband. When she worked for a stranger, it was on her sole and separate account, and the enabling act protected her contract. When she worked for her husband, it was on his account and the statute did not apply.

In *Filer* v. *N. Y. Central Railroad Company* (49 N. Y. 47), a leading case upon the subject, it was held that a wife, not engaged in business or in performing labor on her sole and separate account, when injured by the wrongful act of another, could not recover consequential damages resulting from her inability to labor. The court said : "Her services and earnings belong to her husband and for the loss of such services, caused by the accident, he may have an action. * * * She is authorized to sue for any injury to her person or character, the same as if she were sole. This is for the direct injury and for direct and immediate damages, unless she is, on her own account and for her own benefit, engaged in some business in which she sustains a loss."

While we have considered, we have not cited, many cases that bear more or less directly upon the general subject, but have referred to such as declare, limit and illustrate the law relating to the capacity of a married woman to contract with her husband in relation to her own services. Applying the law, as we gather it from the statute and the manifold decisions, to the facts of this case as now laid before us, we think that the plaintiff is entitled to recover actual damages only and that the consequential damages for the loss of her services, both in the house and in the shop, should be recovered by her husband in a separate action brought in his own name. The damages for the injury to her person belong to her, because the statute has given them to her, but the damages for the loss of her services belong to him, because the common law gave them to him and the statute has not taken them away.

The judgment should be reversed and a new trial granted with costs to abide the event.

All concur.

Judgment reversed.