In the Matter of the Claim of FREDERICK ZINKE, Respondent, against The Estate and Executor of ELIZABETH ZINKE, Deceased.

ALPHONSE J. ROEHNER, Executor, etc., of ELIZABETH ZINKE, Deceased, Appellant.

*A husband's claim against his wife's estate — his agency, how proved — his right to reimbursement — statutory referee's power to consider an equitable claim.*

Upon the trial of a reference, under the statute, of a disputed claim against the estate of one Elizabeth Zinke in favor of her husband, it appeared that Elizabeth Zinke commenced the erection of a building, which the parties, who had contracted to construct it, did not quite complete, and that she had no money to pay for additional services and material; that her husband, who acted as her agent, paid for these and also paid the interest on certain mortgages upon her property, taxes upon her real estate, insurance upon her building, and also a promissory note which she had given. The referee decided in favor of the husband's claim, and an appeal was taken from such decision on the ground that the husband's agency was not established by the evidence in the case, unless such authority were inferred from his own testimony.

*Held,* that agency might be established by the acts, declarations and conduct of the principal and agent and might also be inferred from the circumstances;

That the fact that when bills, incurred in the erection of the building, were presented to the wife for payment she refused to pay them on the ground that she did not have the money, and referred the creditors to her husband, who afterwards paid the bills, tended to show that he was acting as her agent and was authorized to pay her bills;

That the husband was not prohibited by the Code of Civil Procedure (§ 829) from testifying to these extraneous facts, nor was he thereby prohibited from proving his payment of interest upon mortgages, taxes and other expenses relative to the building, these acts being independent transactions in which the wife did not personally participate;

That the common-law disability of a married woman having been removed, so far as her separate property is concerned, thus permitting her to enjoy an estate separate from her husband, to carry on a separate business, and to do these acts through any agent, even though he be her husband, a husband who advances money for the benefit of his wife's separate estate, has an equitable claim for reimbursement therefrom.

A referee, appointed under the statute to hear and determine a disputed claim, against the estate of a decedent, has power to hear the claim even though it be of an equitable nature.

·APPEAL by Alphonse J. Roehner, executor, etc., of Elizabeth Zinke, deceased, from the decision of a referee and the judgment thereon in favor of the claimant, entered in the office of the clerk of the county of Erie on the 7th day of May, 1894.

*William A. Douglas*, for the appellant.

*Charles Daniels*, for the respondent.

DAVY, J.:

This was a reference, under the statute, of a disputed claim against the estate of Elizabeth Zinke, deceased, who was the wife of the respondent. His claim is for money expended during the years 1888, 1889 and 1890, upon the separate estate of his deceased wife, amounting in the aggregate to $2,066.72, on which sum a credit was allowed of $800 for rent for the use of his wife's premises, leaving a balance of $1,266.72, over and above the admitted offset for rent.

The claim was disputed by the executor, and, by an agreement in writing, under the statute, the matter was referred to a referee to hear and determine the same, who, after taking all the testimony that was offered by the respective parties, reported in favor of the respondent for $1,025.21, including interest. Judgment was entered for that sum on the report of the referee in the clerk's office in Erie county, and from that judgment the executor has appealed to this court.

It appears from the evidence that in 1888 the testatrix commenced the erection of a brick building on East Genesee street in the city of Buffalo, under a contract with Jacob Jaeckle & Co., for $4,455. The contractors did not quite complete the building, and the testatrix had no money to pay for additional services and materials. The respondent, who acted as her agent, paid for the same, including the interest on certain mortgages upon the property of the testatrix and the taxes upon her real estate and the insurance upon her building and also a promissory note given by her.

There can be no question but that the testatrix had the power to employ her husband to act as her agent in matters pertaining to her separate business, and that he had the right to be reimbursed for all moneys expended by him for the benefit of her estate.

It is claimed, however, that the respondent's authority to act for his wife is not established by the evidence, unless it can be inferred from his testimony.

The language of section 829 of the Code of Civil Procedure prohibits the respondent from testifying to any personal transactions or

communications between himself and his deceased wife. But this section does not prohibit him from testifying to extraneous facts.

If the authority to act as her agent rested solely upon the inference drawn from the character and nature of his testimony then the evidence would fall short of establishing such agency, because it must be shown by testimony other than his own. As bearing upon this point it is proper to take into consideration her statements to parties who presented their bills for payment. She frequently refused to pay them on the ground that she did not have the money, and referred them to her husband, who afterwards paid them. These voluntary statements upon her part tended to show that he was acting as her agent and authorized to pay her bills. The question of agency may be established by acts, declarations and conduct of the principal and agent, and it may also be inferred from circumstances. The manner in which a party treats one who apparently acts as his agent and holds him up before third parties will, in many cases, be sufficient to establish an agency.

As was remarked by Judge EARL in *Ackley* v. *Westervelt* (86 N. Y. 448) there can be no reason why a contract implied by law inferred from the circumstances should not be just as effectual to bind a married woman as one expressly created : " It is no longer open to dispute in this State that a married woman, although she carries on no business on her own account, and has no separate estate, is liable like a *femme sole* for debts contracted in the purchase or leasing of real estate or other property."

Under the present laws of this State a married woman is completely emancipated from the disability existing under the common law so far as concerns her separate property, and the tendency of the judicial decisions is to make her more independent in her property relation and to hold her more strictly to her contracts. The law not only gives her the right to hold and enjoy a separate estate from her husband, but to carry on a separate business, and she can manage her estate and carry on her separate business personally or through such agency as she may elect, and for that purpose she may appoint her husband. There can be no good reason why the husband of a married woman, who is authorized by her to look after her separate estate, and who advances money for making improvements upon her property, and in paying her debts, should not be reimbursed

out of her estate the same as her other creditors.   Such a contract at common law was held good if made by a trustee for the wife's benefit, and it ought to be sustained in equity when made between husband and wife under our statute.   The provisions of the statute providing for references of claims against the estates of deceased persons are so broad as to include claims legal and equitable.   (3 R. S. [6th ed.] p. 96, §§ 46, 47; *Skidmore* v. *Post*, 32 Hun, 54.)

The respondent's case is within the general rule of equity.   A portion of the improvements that were made upon the testatrix's separate estate were paid by him at the request and approval of his deceased wife.   The advances were clearly for the benefit of her real estate. They increased its value and were permanently beneficial to it.

Judge DANFORTH, in discussing this point in *Noel* v. *Kinney* (106 N. Y. 78), says: " The respondent proved that his wife was the principal and that he was her agent.   The bills which the respondent paid were for improvements to her real estate.   It would be unjust to permit the estate to escape paying for these improvements simply because the debts were paid by the testator's husband."

The referee had power to consider the respondent's claims even though they were of an equitable nature.   The right of the husband to maintain an action in equity to recover for money paid out for his wife was sanctioned by the English courts in *Butler* v. *Butler* (L. R. [14 Q. B. Div.] 831.)   It was held that loans made and money paid by the husband for his wife constituted a right of action in his favor in equity against her, and her separate estate was held liable to him.   This decision was affirmed on appeal.   (L. R. [16 Q. B. Div.] 374.)   The court held that whatever the wife undertook to do in regard to her separate estate she was a *femme sole* and that her husband had a remedy against her in the Court of Chancery.

The case of *Smith* v. *Smith* (125 N. Y. 225) was an action brought by the husband against his wife to compel her to convey to him certain real estate of which she held the title, or to have a lien in his favor declared thereon for expenses incurred, in erecting a building upon the premises with her knowledge and consent.   The court held that he was entitled to a lien for the amount expended.

The learned counsel for the appellant contends that the objections to the evidence given by the respondent, that he paid for the plans for the Genesee street building and for papering the rooms

and the interest on the savings bank mortgages and the taxes, and that the money from which he made these payments was earned in his business, should have been sustained, on the ground of its incompetency, under section 829 of the Code of Civil Procedure. I do not agree with the learned counsel in his contention upon this point, as the evidence did not refer to any personal transactions with the deceased.

The payments of the bills with his own money were independent transactions in which the deceased did not personally participate. (*Mortimer* v. *Chambers*, 43 N. Y. St. Repr. 365; *Denise* v. *Denise*, 110 N. Y. 562.)

In the case of *Lerche* v. *Brasher* (104 N. Y. 157–164) Judge FINCH, in discussing the evidence that was objected to in that case, says: "We are still of opinion that the two facts related were independent facts, in which the deceased was not personally a participator, and which, if living, he could not for that reason have contradicted. They might have been done without his authority or knowledge, as were some other acts of the plaintiff, and did not necessarily involve a personal transaction with him."

The executor also contends that the saloon business was hers. The evidence, however, does not warrant us in reaching that conclusion. The respondent proved by the brewers and dealers who supplied the saloon with liquors that the bills were charged to him and paid by him, and that the saloon licenses were issued to him. The executor upon the trial gave no proof that the testatrix furnished the money to pay any of these claims or demands, and it will not do to assume that the respondent might have paid them with her money. Such an assumption is clearly overcome by the fact that she was obliged to give a note for the balance due on the building contract, and from her statements that she did not have the money to pay the bills when they were presented to her and directing the parties to see her husband.

The fact that he paid the bills with his own money was substantially proved by her own acts and admissions. The testimony is sufficient, in our judgment, to sustain the findings of the referee.

The judgment, therefore, should be affirmed, with costs against the appellant to be paid out of the estate.

LEWIS, BRADLEY and WARD, JJ., concurred.

Judgment affirmed, with costs payable out of the estate.