## In re KAUFMANN.

### (District Court, E. D. New York. November 8, 1900.)

BANKRUPTCY—PROVABLE DEBTS—CONTRACT TO PAY FOR WIFE'S SERVICES.

 Laws N. Y. 1896, c. 272, § 21, which enables a wife to contract with her husband respecting her property and the "acquisition" of property, and "to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts * * * as if she were unmarried," does not change the rule established by decision in that state, which renders invalid a contract by which a husband agrees to pay his wife for her services, and such a contract does not create a debt provable in bankruptcy against the husband, although the services of the wife were rendered outside her domestic duties.

In Bankruptcy. On claim of the bankrupt's wife as a creditor.

Edward J. Welch, for Hannah Kaufmann.

Baggott & Ryall, for objecting creditors.

THOMAS, District Judge. It appears in this matter that the wife was employed by the husband in his business, for which he promised to pay her a definite reasonable sum per week, and that she in turn employed a servant to fulfill the domestic duties which otherwise the wife should have done or aided in doing. It is alleged that the payment to the servant was made out of the wife's separate estate, but there is no evidence before the court that she had a separate estate, and hence it is inferable that she paid the domestic servant out of the money which her husband paid her. Under Blaechinska v. Howard Mission, 130 N. Y. 497, 29 N. E. 755, 15 L. R. A. 215, In re Callister, 153 N. Y. 294, 47 N. E. 268, and Conger v. Corey, 39 App. Div. 241, 57 N. Y. Supp. 236, a contract of the nature here urged would be invalid, and the question arises whether Laws N. Y. 1896, c. 272, § 21, have necessitated a conclusion different from that reached in the cases cited. The new statute provides:

"A married woman has all the rights in respect to property, real and personal, and the acquisition, use, enjoyment, and disposition thereof, and to make contracts in respect thereto with any person including her husband and to carry on any business, trade or occupation. and to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts, and be liable on such contracts as if she were unmarried; but a husband and wife cannot contract to alter or dissolve the marriage and to relieve the husband from his liability to support his wife."

This statute, among other powers, has given a married woman the rights of an unmarried woman respecting her property and the acquisition thereof, and "to make contracts in respect thereto with any person, including her husband," and to carry on business, and "to exercise all powers and enjoy all rights in respect thereto and in

respect to her contracts." The word "thereto," as first used, refers to the wife's property, its acquisition, use, etc., and the word, as used later, refers immediately to the power given "to carry on any business," etc.; and the power "in respect to her contracts" refers to contracts covering any subject-matter mentioned in the enabling act. The statute obviously intends to enable the wife to contract with the husband respecting the acquisition of property, but does it enable the wife to acquire property by agreeing to render him a service outside of her domestic duty? If so, it would enable her to acquire property by contracting with him respecting her domestic service. There is a wide distinction between a power to acquire property by a contract with the husband and a power to create property, which shall be her own, by an agreement that she shall be paid for services that the law intends that she shall render gratuitously, if at all. In other words, a contract with the husband for the acquisition of property does not include a contract to convert her personal service to her husband into property. The question is not what the law should be, but what it is. It has been interpreted plainly by the highest court of the state, and something more definite than the present statute is required to change the rule established. The wife's claim should be disallowed.