## In re MANNER.

(District Court, W. D. New York. March 5, 1924.)

No. 10331.

1. **Bankruptcy** ⬗314(7)—**Contract to pay wife for services does not create debt provable in bankruptcy against husband.**

Contract by which husband agrees to pay his wife for services in his business does not create a debt provable in bankruptcy against husband, notwithstanding Domestic Relations Law N. Y. § 51.

2. **Husband and wife** ⬗41—**Wife does not have implied right to recover wages from husband for services performed in his business.**

Domestic Relations Law N. Y. § 51, though conferring on wife the right to carry on separate business and make contracts in relation thereto, does not give her an implied right to recover wages from her husband for services performed in his business.

Affirmed 11 F.(2d) 287.

Layton H. Vogel, of Buffalo, N. Y., for claimant.

Ward B. Arbury, of Buffalo, N. Y., for trustee.

HAZEL, District Judge. On this review of the decision of the referee in bankruptcy, we are concerned with the right of the wife of the bankrupt to prove a claim for services rendered for her husband as bookkeeper in his meat business for a period of four years. No contract or arrangement between the husband and wife had been entered into

for compensation, nor had any account with her been carried on the books, nor had she at any time received any wages. The trustee objected, and the referee sustained him.

Section 51 of the Domestic Relations Law (Consol. Laws N. Y. c. 14) enables a wife to contract with her husband regarding her property and the acquisition of property, and she is given the right "to exercise all powers and enjoy all rights in respect thereto and in respect to her contracts." In construing this provision, in the year 1900, Judge Thomas, in Re Kaufmann (D. C.) 104 F. 768, who was then District Judge for the Eastern District of New York, substantially said that the provision did not change or alter the rule established by decisions in the state of New York with relation to the invalidity of a contract by which a husband agrees to pay his wife for her services, and that an agreement to compensate the wife for her services in his business does not create a debt provable in bankruptcy against the husband.

Prior to section 51 of the Domestic Relations Law, the courts of the state of New York, in construing earlier acts, held that though the husband was entitled to the wife's services, the right was not extended to any contract for employment between herself and her husband. Blaechinska v. Howard Mission, 29 N. E. 755, 130 N. Y. 497, 15 L. R. A. 215. The decisions uniformly held that an unlimited right on the part of the wife to contract with her husband would tend to fraud, and would enable covering up acts of that character to the disadvantage of creditors. The statutes, it was said, gave her the benefit of her earnings under her own contracts, but not with her husband, since under the common law a promise to pay the wife for her services would in effect be a promise to pay himself. And it was said in the Blaechinska Case, supra:

"Such services as she does render him, whether within or without the strict line of her duty, belong to him. If he pays her for them, it is a gift. If he promises to pay her a certain sum for them, it is a promise to make her a gift of that sum. She cannot enforce such a promise by a suit against him. We think the rule is well stated by a recent writer when he says that the enabling acts do not apply to the labor performed by a married woman 'for her husband, or bestowed on his business, or in his household, or in his care, or in the care of his family, for in such cases it is her marital duty, and he is not liable for the services of his wife.' "

In the course of the decision in Hock v.

Hock, 189 N. Y. S. 740, 198 App. Div. 901, it was said that the mere rendition of services by the wife to the husband did not impose a liability to pay in the absence of an express agreement.

[1, 2] I think Judge Thomas' construction of the statute is approved by the decisions of the state courts and in my opinion was correct. The statute, though conferring upon the wife the right to carry on a separate business and make contracts in relation thereto, does not give her an implied right to recover wages from her husband for services performed in his business.

In the present case it is fairly inferable that the services in question were rendered voluntarily and not in the expectation of remuneration by the husband.

The claim in question should be disallowed.