Edward Robinson, Jr., J.
In this action the plaintiff prayed for judgment impressing a trust upon several parcels of real property set forth in the complaint; upon the proceeds of the sale of one parcel of property which had been sold prior to the action; declaring that the defendant held said properties in trust for himself and the plaintiff as tenants by the entirety and directing the defendant to convey the legal title to the premises to himself and plaintiff as tenants by the entirety. She further *386 asks that the defendant he directed to account for the rents from the properties and that he he declared to hold them in trust to the extent of plaintiff’s interest therein. The plaintiff alleges in the complaint that the properties were purchased beginning in the year 1922 “ jointly and with funds mutually earned, procured and contributed ’ ’. She further alleges that the defendant Charles H. Verity, Jr., her husband, had promised on divers occasions to transfer the properties to both names as tenants by the entirety. The defendants Stenzel are named as defendants on the theory that they had purchased one of the properties involved, and it was stipulated upon the trial that the only relief sought in their connection was the impressing of a lien upon a purchase-money mortgage or the proceeds thereof, which had been given by them upon the purchase of that particular piece of property. The defendants McGuire and Spickerman are included because they are tenants in some portion of the property. The defendant Friedman is named as a defendant on the theory that he had, as an attorney and real estate broker, received certain moneys from the defendant Verity, and from the real properties in question, although at the time of such actions on his part the defendant Verity was insane.
From the evidence adduced upon the trial, I find the following facts: The plaintiff and the defendant intermarried at Baldwin, New York on May 8, 1915 and have since been and now are husband and wife. As husband and wife they moved into and occupied as their home a small building on property owned by the father of the defendant. The plaintiff had no money at the time she was married. Neither did the defendant. At that time the defendant was farming. He had some horses and did some contracting work. The plaintiff helped the defendant, her husband, in his farming work, picking and crating tomatoes and doing anything else that she could do to help him. The first piece of property which they purchased was acquired with money from the farming and contracting work. This property was eventually sold and still using the money from the farming, contracting and later house moving work, they eventually acquired the properties in question upon this trial. As the premises were acquired the plaintiff worked with the defendant in finishing the houses.
On August 10, 1922, the husband defendant purchased premises known by the street number 50 Adams Street, Baldwin, Nassau County, N. Y., the deed naming him only as grantee. On January 22, 1924, he purchased premises known as 46 Adams Street, Baldwin, Nassau County, N. Y., the deed naming him only as grantee. On September 10, 1926, he purchased premises *387 known as 38 Washington St., Baldwin, N. Y., the deed naming him only as grantee. These premises were sold to the defendants Stenzel on March 5, 1956, by the defendant Verity, and a purchase-money mortgage was taken in the name of the defendant Verity. On November 6, 1926, there were purchased premises known as 40 Washington Street, Baldwin, Nassau County, N. Y., the deed in this case being taken in the names of the plaintiff and the defendant Verity as tenants by the entirety. This property is still vested as tenants by the entirety. On August 13, 1927, there were purchased premises known as 48 Washington Street, Baldwin, Nassau County, N. Y. and 50 Washington Street, Baldwin, Nassau County, N. Y. These premises were purchased on the same day by separate deeds vesting title in the defendant Verity alone.
In the year 1924 the plaintiff spoke to the defendant inquiring as to why the deeds to the various properties purchased to that time were not in both names and he answered, ‘ ‘ What difference is it whose name it is in? It belongs to the both of us.” The plaintiff believed from this statement that she was a joint owner of the properties with her husband. She was doing all of the bookkeeping work in connection with the properties including the collecting and recording of the rents and the paying of taxes as the defendant Verity could not read or write except for the signing of his name. The parties moved to New Jersey in 1933 where they lived on a farm owned by the defendant’s father. Unhappy differences later arose as a result of which the defendant Verity was on October 11, 1951 committed to an insane asylum from which he was discharged about March 12, 1952. He then went to live with his brother on Long Island. Plaintiff continued to manage the Baldwin properties until May, 1953 when the defendant Verity took over the collecting. He continued the collections and management until plaintiff was appointed receiver in this action. During the years from 1952 to 1957, the plaintiff in good faith and believing that the property was jointly owned by her and her husband paid from her own funds for taxes, insurance and liens on the various parcels the following sums: 50 Adams Street, Baldwin, N. Y., $385.87; 46 Adams Street, Baldwin, N. Y., $71.80; 48 Washington Street, Baldwin, N. Y., $84.16; 50 Washington Street, Baldwin, N. Y., $859.64, a total of $1,401.47.
Plaintiff also expended from her own funds moneys for the premises 40 Washington Street, Baldwin, N. Y., but those premises were and are vested as tenants by the entirety.
Where a relation of confidence has been abused, and a person has never had title to the property but has expended money *388 in the improvement of the property on the basis of an oral promise to convey, which money does not constitute the entire consideration for the purchase of the interest claimed, that person is entitled, not to a conveyance of the property, but only to an equitable lien thereon for the amount expended. (Petrukevich v. Maksimovich, 1 A D 2d 786 and cases cited therein.)
In this case the only moneys alleged or proved to have been used in the purchase of the property were moneys derived from the husband’s business in which the plaintiff helped. She had no funds of her own at that time and made no contribution from her own holdings.
The Married Women’s Property acts do not relieve a wife of the duty of rendering services to her husband. While they give her the benefit of what she earns, under her own contracts, by labor performed for anyone except her husband, her common-law duty to him remained, and if he promises to pay her for working for him, it is a promise to pay for that which legally belongs to him. The fact that he cannot require her to perform services for him outside of the household does not affect the question, for he could not require it at common law. Such services as she does render him whether within or without the strict line of her duties belong to him. If he pays for them it is a gift. If he promises to pay her a certain sum for them, it is a promise to make her a gift of that sum. She cannot enforce such a promise by a suit against him. (Blaechinksa v. Howard Mission & Home, 130 N. Y. 497, 502.)
On the facts established in this case, the plaintiff has failed to establish a cause of action for the relief demanded in the complaint. In equity, however, she is entitled to an equitable lien upon the parcels for the moneys expended from her own funds for the protection of the property. Plaintiff will be adjudged to have an equitable lien upon the premises as follows:
(1) 50 Adams Street, Baldwin, N. Y.— $385.87;
(2) 46 Adams Street, Baldwin, N. Y.— $71.80;
(3) 48 Washington St., Baldwin, N. Y.— $84.16;
(4) 50 Washington St., Baldwin, N. Y.— $859.64.
Pending the trial of this action an order was made on June 19, 1957, appointing the plaintiff receiver of the rents of the premises involved. An interlocutory judgment may be settled on notice declaring plaintiff to have an equitable lien on the various parcels in the amounts above set forth and directing the plaintiff to file and settle her account as receiver before this court within a period of 60 days from the entry of the interlocutory judgment. *389 The fixing of the fee of the special guardian heretofore appointed for the defendant Charles H. Verity, Jr., and the awarding of costs shall await final judgment after the settlement of the receiver’s account. The interlocutory judgment shall provide for the dismissal of the complaint as to all defendants other than the defendant Charles H. Verity, Jr., without costs.
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.