THOMAS BIRKBECK, Respondent, *v.* EDMUND ACKROYD, Appellant.

The provision of the act of 1860 (§ 2, chap. 90, Laws of 1860), " concerning the rights and liabilities of married women," which authorizes a married woman " to perform any labor or service on her sole and separate account," does not wholly abrogate the rule of the common law entitling the husband to the services and earnings of the wife ; she may still allow him to claim and appropriate the fruits of her labor, and in the absence of an election on her part to labor on her account, or of circumstances showing her intention to avail herself of the privilege conferred by the statute, the husband's common law right is unaffected.

Where, therefore, the husband and wife are living together and mutually engaged in providing for the support of themselves and their family, and there is nothing to indicate an intention on the part of the wife to separate her earnings, the husband may maintain an action in his own name to recover them.

(Argued June 14, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

a judgment in favor of plaintiff, entered upon the report of a referee. (Memorandum of decision below, 11 Hun, 365.)

This was an action to recover for work and labor.

Plaintiff claimed and recovered judgment for his own services as superintendent of defendant's woolen mill, for the work and labor of his wife and of several minor children ; and also, as assignee of two adult sons, for their own work and labor and that of their wives.

*Herbert Gedney*, for appellant. Plaintiff was not entitled to maintain this action for his wife's services. (*Brooks* v. *Schwerin*, 54 N. Y., 343, 348, 349; Laws 1860, chap. 90, §§ 2, 7; *Adams* v. *Curtis*, 4 Lans., 164.)

*W. J. Welsh*, for respondent. Plaintiff was entitled to recover for his wife's services in the factory. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y., 47; *Bean* v. *Kiah*, 4 Hun, 71; 6 T. & C., 464; *Brooks* v. *Schwerin*, 54 N. Y., 352; *Caswell* v. *Davis*, 58 id., 223, 229.)

ANDREWS, J. By the act chap. 90 of the Laws of 1860, concerning "the rights and liabilities of married women," the common law doctrine that the husband is entitled to the services and earnings of his wife, was essentially modified.

The acts of 1848 and 1849 divested the title of the husband, *jure mariti*, during coverture, to the real and personal property of the wife, and enabled her to take from any person other than her husband and hold to her sole and separate use any property or estate and the rents, issues and profits thereof, in the same manner as if she were unmarried. Under these statutes it was held that she had, as incident to her right of property, the power of management and control, and that gains arising in the use of her separate estate or from business in which she engaged upon the credit of her separate estate, belonged to her and not to her husband. (*Knapp* v. *Smith*, 27 N. Y., 278; *Buckley* v. *Wells*, 33 id., 518; *Draper* v. *Stouvenel*, 35 id., 507.) But the acts of 1848 and 1849 did

not change the rule of the common law giving the husband the right to the services and earnings of the wife, in cases where she had no separate estate, and where her labor was not connected with the use of her separate property. This state of the law left a wife, who might be dependent upon her own labor for her support and the support of her children, without the legal power to control her earnings, and they were subject, as they were before these acts were passed, to be appropriated by the husband.

The hardship of this in cases where the husband was unable or unwilling to support his family, or was idle or dissolute, was apparent. The act of 1860 remedied this defect in the prior laws. By the second section a married woman is authorized " to carry on any trade or business, and perform any labor or services, on her sole and separate account." The section confers upon her the capacity of *a femme sole*, in respect to any business in which she may engage, and empowers her to labor on her own account. But it does not wholly abrogate the rule of the common law. She may still regard her interests and those of her husband as identical, and allow him to claim and appropriate the fruits of her labor. The bare fact that she performs labor for third persons, for which compensation is due, does not necessarily establish that she performed it, under the act of 1860, upon her separate account. The true construction of the statute is that she may elect to labor on her own account, and thereby entitle herself to her earnings, but in the absence of such an election or of circumstances showing that she intended to avail herself of the privilege and protection conferred by the statute, the husband's common law right to her earnings remains unaffected. This construction is supported by the language of the first section, which defines what shall constitute the sole and separate property of a married woman, and, among other things, " that which she acquires by her trade or business, labor or services, carried on or performed on *her sole or separate account*," and the concluding clause of the second section, which declares that the earnings of any married woman from

her trade, business, labor, etc., "shall be her sole and separate property" is to be construed in connection with the preceding section, and as referring to earnings from business or labor conducted or performed on her separate account.

When, therefore, the question arises as to the right of a husband to recover for the labor and services of the wife, it must be determined upon the facts and circumstances of the case. When the labor is performed under a contract with the wife, and by the contract payment is to be made to her, the inference would be strong, if not conclusive of her intention to avail herself of the protection of the statute. So where the wife is living apart from her husband, or is compelled to labor for her own support, or the conduct or habits of the husband are such as to make it necessary for her protection that she should control the proceeds of her labor, the jury might well infer that her labor was performed on her separate account. But where the husband and wife are living together, and mutually engaged in providing for the support of themselves and their family,— each contributing by his or her labor to the promotion of the common purpose— and there is nothing to indicate an intention on the part of the wife to separate her earnings from those of her husband, her earnings, in that case, belong, we think, as at common law, to the husband, and he may maintain an action in his own right to recover them. Where the wife is engaged in a business, as that of a trader, and it is conducted in her name, there would be no room to question her right to the avails and profits. The duty still rests upon the husband to maintain and support the wife and their children, and it is not necessary, in order to give the wife the protection intended by the statute to hold that, irrespective of her intention, her earnings, in all cases, belong to her and not to the husband, and the language of the act does not admit of this interpretation.

The construction we have given to the statute supports the conclusion of the referee, that the plaintiff was entitled to recover the value of his wife's services. She worked with him and their minor children, in the mill, under no special

contract, so far as appears, that she should receive the avails of her labor. The family were supported out of the joint earnings of the family, and the wife has never claimed her earnings as her separate property. Under these circumstances, the plaintiff was entitled to recover their value.

The same considerations apply to that part of the judgment founded upon the services rendered by the wives of the plaintiff's sons — the claim for which was assigned by them to the plaintiff.

There is no other question in the case requiring special consideration.

We think the judgment is right and should be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.