EMANUEL HOPKINS *et ux. vs.* JEREMIAH ANGELL.

A husband and wife sued jointly upon a promise to pay them jointly for services performed
by them jointly.
*Held,* that they were rightly joined as plaintiffs.
*Berry* v. *Teel,* 12 R. I. 267, affirmed.

EXCEPTIONS to the Court of Common Pleas.

*June* 17, 1882.   DURFEE, C. J.   This is an action of *assumpsit* in which the two plaintiffs, who are husband and wife, jointly sue the defendant for work and labor jointly performed by them for him at his request.   The case comes up from the Court of Common Pleas on exceptions.   In the Court of Common Pleas the case was tried to the jury on plea of the general issue, and the trial resulted in a verdict for the plaintiffs for three hundred dollars.   Judgment was entered for the plaintiffs on the verdict.   In the course of the trial the defendant reserved two exceptions, and only two.   The first exception is stated in the bill as follows, to wit: "After a general statement of the case by the plaintiff's attorney, Emanuel Hopkins, one of the plaintiffs, was called to the witness stand.   The defendant's attorney objected to any evidence going to the jury as to services performed by the husband in this joint action, and such evidence being allowed, exception was taken.   The bill then sets forth the testimony or parts of it showing that evidence was given ' as to services performed by the husband.' " The second exception was taken to a refusal of the court to charge in accordance with the defendant's request, and is stated as follows, to wit: " After the charge to the jury the defendant's attorney asked for the following charge:   Unless the jury find that Mrs. Hopkins made a contract for her services separate and apart from that of her husband's, the plaintiffs cannot recover in this present action; claiming that the husband should have sued alone in this cause.   The ruling was not given, and exception was taken."

The exceptions seem to be without meaning except on the supposition that husband and wife cannot sue jointly for services jointly performed upon a promise to pay them jointly therefor. And the counsel for the defendant contends, if we correctly ap-

prehend his argument, that where services are performed by husband and wife, in pursuance of a contract with them, the husband alone is entitled to sue for payment. Is this position tenable? We think not.

In *Berry* v. *Teel*, 12 R. I. 267, this court held that money earned by a married woman by her own industry belongs to her before payment, and that she is entitled to sue for it, suing with her husband if *covert*, by herself if *discovert*. The ground of decision was, that the statute in relation to the property of married women secures to the wife absolutely any property " which may be acquired by her own industry," and that money earned and unpaid, though but a chose in action, is nevertheless property. Indeed there are cases which hold that at common law the wife may be joined with her husband in an action for her earnings, upon an express promise to her to pay them to her, or, as other cases hold, when she is the meritorious cause of the action. 1 Bishop on Married Women, §§ 104–107. But if the wife, under our statute, is entitled to sue with her husband for her earnings when she has been solely employed, the earnings being her individual property, why can she not likewise sue jointly with him for their joint earnings under a joint contract for service duly performed? We see no reason why not. We can see, of course, that she cannot be sued jointly with him on the contract, while it remains wholly executory, for not performing it; but it does not thence follow that, after it has been jointly performed, she cannot sue jointly with her husband for payment. It is well settled that husband and wife can be joint payees of a promissory note or bond, and can jointly sue thereon, and that, if she outlives her husband, the action will survive to her. *Draper* v. *Jackson*, 16 Mass. 480; *Pike* v. *Collins*, 33 Me. 38; *Richardson* v. *Daggett*, 4 Vt. 336; *Borst* v. *Spelman*, 4 N. Y. 284; *Executors of Schoonmaker* v. *Elmendorf*, 10 Johns. Rep. 49; *The Roman Catholic Orphan Asylum* v. *Strain*, 2 Bradf. Surrog. 34; *Boozer* v. *Addison*, 2 Rich. Eq. 273. There can be no doubt, on the authority of these cases, that if the defendant had given his promissory note to the plaintiffs, payable to them jointly for their joint services, an action by them jointly would have been maintainable on the note even at common law. And we think that, under our statute, not only would the action be

maintainable by husband and wife jointly, but also that it could not be maintained by the husband alone ; for the wife would have an interest or property of her own in the note which she would be entitled to have recognized and protected in the action. But what difference can it make, so long as the promise is to both jointly, whether it be by note or bond or by simple word of mouth ? Perhaps at common law, where the interest of the wife is dependent on the consent of the husband, a note or bond is better than a mere oral promise, because it shows his consent on the face of it ; but under our statute, where the wife has a right of her own, indefeasible by the husband, we cannot think that the difference is intrinsically important. Nor do we think it is necessary, under our statute, that the declaration should aver in special terms an express promise to the plaintiffs jointly any more than if they were unmarried, when they sue simply for payment. This is because the statute largely enfranchises the wife, and restores her as it were to herself, giving her individual rights of property, beyond the reach of her husband, and especially a right in the fruit of her own industry, which the law recognizes, and is bound to recognize, whether the husband consents to the recognition or not.

The defendant contends that our statute does not extend to money earned by the industry of the wife, so long as it remains unpaid, and in support of this view cites *Birkbeck* v. *Ackroyd*, 74 N. Y. 356. That case was decided under a statute which authorized a married woman to carry on any trade or business, and perform any labor or services, on her sole and separate account. The court say in regard to the provision : " The section confers upon her the capacity of *a feme sole*, in respect of any business in which she may engage, and empowers her to labor on her own account. But it does not wholly abrogate the rule of the common law. She may still regard her interests and those of her husband as identical, and allow him to appropriate the fruits of her labor." Accordingly the court held that when there is nothing to indicate an intention on the part of the wife to separate her earnings, the husband may maintain an action in his own name to recover them. It will be seen that the New York statute differs widely from ours ; for ours provides that personal estate " acquired by her own industry shall be *absolutely* secured to her sole and separate use."

Our statute does not simply empower her to take her earnings, but absolutely secures them to her. We find nothing in *Birk-beck* v. *Ackroyd* to shake our confidence in our decision in *Berry* v. *Teel.*

The defendant makes the point that the evidence, which is reported either wholly or in part in the bill of exceptions, shows that the contract for service was not with husband and wife but with the husband alone, and that there is nothing to show a promise to both jointly. This is equivalent to saying that the verdict was against the evidence, or that there was no evidence to support the action. The bill of exceptions, however, does not specify any such error. The only matters which are brought up for revision in this proceeding are those which are included in the exceptions above cited. Indeed, for anything that appears, the court below did not make and was not asked to make any ruling as to whether there was any variance between the allegations of the declaration and the evidence adduced in proof of them, and it is only the rulings of the court, not the findings of the jury, which are revisable for error on bill of exceptions.

Our conclusion is that the exceptions must be overruled, and the judgment of the court below affirmed with costs.

*Exceptions overruled.*

*Charles H. Page*, for plaintiff.
*Dexter B. Potter*, for defendant.