## McGOLDRICK *v.* NEW YORK CENT. & H. R. R. Co.

(*Supreme Court, General Term, Fourth Department.* November, 1892.)

**1. MUNICIPAL CORPORATIONS—ICY SIDEWALKS—WHO LIABLE.**

Where a railroad company, without a license from the city, allows water to flow from its tank upon the sidewalk of a street, where it freezes, the company is liable to persons who are injured by falling on the ice.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**

In an action for personal injuries it appeared that plaintiff's intestate fell on some ice which defendant had wrongfully allowed to accumulate on the sidewalk, and was fatally injured by a large and very sharp knife which he was carrying to use in his trade. The knife was wrapped in several cloth garments, and tied with a string, and it appeared that decedent had carried it in this manner for several years. A witness for defendant testified that he had warned decedent that it was dangerous to carry the knife as he did. *Held*, that it could not be said as a matter of law that decedent was negligent.

Appeal from circuit court, Oneida county.

Action by John McGoldrick, as administrator of John McGoldrick, deceased, against the New York Central & Hudson River Railroad Company, for causing death of intestate by negligence in obstructing sidewalks. From a judgment rendered in favor of plaintiff, the defendant appeals. Affirmed.

The action is to recover damages for the death of John McGoldrick, which occurred at the city of Rome, on the 10th February, 1890. In one count of the complaint it is alleged that the death was caused by the wrongful and illegal act of the defendant in permitting water to flow from its water pipes or tank onto the sidewalk on James street, fronting the premises of defendant, and allowing such water to accumulate and freeze, so that the sidewalk became icy and dangerous, and an obstruction to the public, by reason of which the deceased slipped and fell, and was fatally injured. The second count is substantially the same, except that negligence is charged.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*C. D. Prescott*, for appellant. *McMahon & Curtin*, for appellee.

MERWIN, J. On the 10th February, 1890, John McGoldrick, the plaintiff's intestate, fell at or near the station of defendant at Rome, and received an injury from which death ensued. At that station, and near the sidewalk that passes on the west side of James street from the southerly track of defendant to a branch track leading to the track of the New York, Ontario & Western Railroad, the defendants maintained a water column and spout, from which its engines obtained water. The end of this spout, when turned off,

was about four feet from the sidewalk, and water was accustomed to drip or flow therefrom upon occasions when it was used and turned off. Directly under the end of the spout where it was turned off, and for the purpose of taking off the overflow, the defendant some years ago put in a plank hopper, and a plank sewer extended from there southerly across the Ontario & Western Railroad to the end of the sewer on James street. Over the top of the hopper there was placed a wire screen. There is evidence tending to show that the opening of this outlet or hopper was, prior to the accident, clogged up by ice or snow, so that the surplus water did not pass off by the sewer, but did pass onto the sidewalk, and made it dangerously icy. The claim of the plaintiff is that his intestate slipped and fell on this sidewalk at the point where the ice had so accumulated. There is evidence tending to show that to have been the case. There is no claim that the defendant had any license from the city to obstruct the sidewalk. The intestate was by trade a tanner, and upon the day in question was upon his way to the place where he worked. He had with him in his hand, or upon his arm, a tanner's knife, called a "beam knife," that was used by him in his business. This was a large, sharp knife, and the manner in which it was wrapped up upon this occasion is described as follows by his wife: "I wrapped this knife of my husband's up in a newspaper; next wrapped it up tight in his working shirt; next wrapped his overalls around it, and his working vest, and then wound a string all around it from the handle to the point as tight as I could, and then done it up in another bundle, and knotted it tight. I put another cloth over this that I knotted. The other cloth was cotton and wool, thick stuff. It was a garment that he took around it always on purpose." There was evidence that he was accustomed to carry it in this way. As he fell, he received a cut from the point of this knife that produced a hemorrhage that was the immediate cause of his death. Whether the intestate fell by reason of any wrongful act or neglect of the defendant was, upon the evidence, a question of fact. The defendant claims that there is no basis for a recovery, because the obstruction was upon a sidewalk, and the city, therefore, only liable. It has, however, been held that an owner of adjacent premises, who, without authority, interferes with a sidewalk for his private purposes, and fails to restore it to a safe condition, is liable to any one sustaining injury thereby. *Smith* v. *Ryan*, (City Ct. Brook.) 8 N. Y. Supp. 853, affirmed in 130 N. Y. 653, 29 N. E. Rep. 1033. See, also, *Mairs* v. *Association*, 89 N. Y. 503, and cases cited. In the present case the court charged that the defendant could not be held liable, except upon the theory that its failure to provide a place for the water which was allowed to escape from the pipe made the walk more dangerous than it otherwise would have been. This was sufficiently favorable to the defendant.

Upon the question of contributory negligence the defendant claims that, as matter of law, the intestate was negligent in carrying his knife in the way he did. A witness on behalf of the defendant testifies that some time before the accident he told the deceased that in carrying these tools "they ought to have a board on them, or a shingle tied on, to keep them from mishap, because, if it were just merely wrapped in paper or cloth, the knife is so sharp that it would slide through, and do some damage;" and the deceased replied that he had used them for a great number of years, and never had any accident. If the jury believed, as they had a right to, that the knife was wrapped up as testified to by the wife, and that the deceased was accustomed to carry it that way without injury, it should not be said as matter of law that the deceased was negligent. *Parsons* v. *Railroad Co.*, 113 N. Y. 364, 21 N. E. Rep. 145; *Palmer* v. *Dearing*, 93 N. Y. 7. The defendant claims that the deceased was intoxicated, but that was a disputed question, and was for the jury. The fact that the consequences of the fall were unusual is no defense if in other respects a liability existed. Whart. Neg. § 16 *et seq.; Ehrgott*

v. *Mayor, etc.*, 96 N. Y. 281.  See, also, 1 Shear. & R. Neg. (4th Ed.) § 36; *Phillips* v. *Railroad Co.*, 127 N. Y. 657, 27 N. E. Rep. 978.  No sufficient reason for reversal appears.

Judgment and order affirmed, with costs.  All concur.