MARY ANN THURINGER, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Dangerous condition of a sidewalk, caused by the adjacent owner — liability for personal injury — ice formed on a sidewalk from a railroad water tank — negligence — damages for the loss of a married woman's household services.*

An owner of premises adjacent to a city street who, without authority, interferes with a sidewalk for his private purposes and fails to restore it to a safe condition, is liable to anyone who sustains injury thereby.

A woman having been injured by falling on ice upon the sidewalk of a city street, adjacent to the premises of a railroad company, in front of the spout of a railroad water tank, brought an action for the recovery of damages against the company, alleging that the injury was caused by the defendant's negligence in permitting water to drip upon the sidewalk from the tank and locomotives, and to remain there until it froze. Evidence was given by the plaintiff that in walking on the sidewalk she fell on the ice in front of the water tank; that

the ice extended over the whole sidewalk and was underneath the spout and around the standard. Other witnesses testified as to the condition of the sidewalk and the manner in which the water column was used and the effect of the drip, and that the action of the wind at times carried the water sideways from the mouth of the column.

*Held*, that there was no error, upon the facts in evidence, in submitting the question of the defendant's negligence to the jury.

The services of a wife in the household still belong to her husband, and so far as an injury to her disables her from performing such services the loss is his, and he, not she, can recover therefor.

In the present action, brought by a woman to recover damages because of her personal injury, it appeared that the plaintiff had been married, but that her husband had not lived with her for the last twelve years; there was no proof of the husband's death or that the plaintiff had not heard from him during their separation, or where he was, or that he had not assisted her, or that there had been a dissolution of the marriage relation or an arrangement that she should have her earnings separate and independent of any claim by him; but the plaintiff testified that during the time mentioned she had worked out and earned money by cleaning and washing, and that she had had all her earnings for her own support and maintenance.

*Held*, that, under the facts disclosed, the trial court erred in refusing a request by the defendant to charge that the husband had a right of action against the defendant for all loss of household services occasioned by the injury, if any-one was entitled to recover for the accident.

APPEAL by the defendant, the New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Oneida county on the 19th day of October, 1892, upon a verdict for $1,000 in favor of the plaintiff rendered at the Oneida Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover the damages resulting from the defendant's alleged negligence. The complaint alleges that " The said defendant wrongfully and unlawfully and negligently permitted and allowed water to flow and escape from the water pipe, tank and its locomotives * * * and from the premises of defendant on the sidewalk of said James street in the city of Rome, the same being a public street, and wrongfully and unlawfully and negligently permitted the same to remain and to continue to flow and escape onto said sidewalk until a large accumulation of said water on said sidewalk froze and became icy and slippery and dangerous to the public and people traveling on said walk and street, and wrongfully and negligently neglected to remove said tank and

accumulation of ice caused as aforesaid after it had knowledge that it was dangerous and    *    *    *    the said plaintiff on or about January 10th, 1892, while walking on said sidewalk without any cause or fault of hers slipped and fell, thereby seriously and permanently injuring her and making her sick and sore and unable to attend to her business." The answer denied the allegation of the complaint and alleged that the injury set forth in the complaint "was the result of the carelessness, negligence and want of proper caution on the part of the plaintiff and not otherwise."

*C. D. Prescott,* for the appellant.

*McMahon & Curtin,* for the respondent.

HARDIN, P. J.:

On the 10th of January, 1892, the plaintiff resided in the Hager block on James street in the city of Rome, and had occasion to visit Antmann's south of the railroad; about nine o'clock, in company with her son, a boy some fourteen years old, she started to return to her residence, passing along the sidewalk on the westerly side of James street towards the defendant's road, near its water tank; and she testifies: "My both feet went out from under me, and I went down in a heap; I tried to get up, and I couldn't. I fell again, and I discovered ice under my hand, and I looked up and saw the water spout while I was lying there; my boy came then and tried to get me up, and I couldn't stand on my feet. As I fell I struck on my left hip — sat down on it — right on my left side; my left side was towards the left side of the sidewalk as I came up; I fell with my whole side down, over on my left elbow; I tried to get the first time on my knees and couldn't get any further, and I fell down again because I was so sick, because I felt sick to my stomach and everything whirled around me. I noticed the water column when I tried to get up the second time." Frank, her son, who was with her on the occasion when she fell, testifies: "When she fell she was about three feet from track No. 1; she was right opposite the spout when she fell; she fell right over on the left side towards the spout; I noticed the condition of the sidewalk in front of that spout at that time — it was very icy; the ice extended over the whole sidewalk, and was underneath the spout and around the standard, and it

extended all through track No. 1 to the walk over track No. 1." Other witnesses were called who testified as to the condition of the sidewalk; testified as to the manner in which the water column was used, and the effect caused by the drip, and that the action of the wind carried the water sideways from the mouth of the column at times. Upon the whole evidence relating to the subject we are of the opinion that it was a question of fact whether the defendant was guilty of negligence, and whether the negligence of the defendant caused or contributed to the injuries which the plaintiff received.

At the same point where this accident occurred another injury was caused to a person passing along the sidewalk, which lead to an action, and the trial thereof was brought into this court for review, and our opinion delivered in that case is found in 49 N. Y. St. Repr. 566, McGoldrick against this defendant. In that case, in the course of the opinion delivered in behalf of the court, it was said : " Whether the intestate fell by reason of any wrongful act or neglect of the defendant was, upon the evidence, a question of fact. The defendant claims that there is no basis for a recovery, because the obstruction was upon a sidewalk, and the city, therefore, only liable. It has, however, been held that an owner of adjacent premises who, without authority, interferes with a sidewalk for his private purposes, and fails to restore it to a safe condition, is liable to any-one sustaining injury thereby." Applying the doctrine found in the opinion from which the quotation has been made, we think there was no error upon the facts before the court in submitting the question of the defendant's negligence to the jury.

(2) The trial judge, in dealing with the question of whether the plaintiff was guilty of contributory negligence, said : " She was walk-ing in a public street, upon that part of it, the sidewalk, prepared especially for foot passengers, and is for you to say whether she was guilty of negligence or not in walking along there without looking to see whether there was any danger    *    *    *    if you find that she was guilty of negligence, and that her negligence contributed to the injury which she sustained, then she cannot recover, even if the defendant was guilty of negligence." We think the trial judge was warranted by the evidence relating to the question of her freedom from contributory negligence in submitting it to the jury, and that

the charge was as favorable as the defendant was entitled to have delivered upon that subject.

(3) In the course of the charge, upon the subject of damages, the judge said : " You can allow her for her loss of time, for her suffering and for the pain that she has sustained. * * * " At the close of the charge the defendant's counsel requested the court " to charge that the plaintiff is not entitled to recover in this action for any loss of time which she applied to her household service or services ; " in respose to that request the court observed : " Of course that would be so if she was living with her husband. I decline to charge that." The defendant took an exception, and requested the court " to charge that the husband has a right of action against the defendant for all loss of household services occasioned by this accident, if anyone is entitled to recover for the accident." In response thereto the court observed : " I decline to charge that as applicable to this case ; " and the defendant took an exception thereto. It appeared in the evidence that the plaintiff was a woman some fifty-six years of age ; that she had had several children, and she testified that she had lived in Rome twenty-three years ; and also " my husband is not living with me," and that it was about twelve years since he had lived with her. There was no proof of his death ; there was no proof that she had not heard from him during the period of time covered by the separation from him, or where he was, or that he had not assisted her, nor was there any proof that there had been a dissolution of the marriage relation or an agreement that she should have her earnings separate and independent of any claim by him. She did testify, however, that during the time she had mentioned she had " worked out and earned money by cleaning and washing. All the earnings I have, I have had for my own support and maintenance since that time. Prior to the tenth day of January and for a number of years, or since the time my husband left me, I have been working out by the day and taking in washing."

In *Filer* v. *The N. Y. C. & H. R. R. R. Co.* (49 N. Y. 56), which was an action by a married woman for injuries sustained, ALLEN, J., said : " Her services and earnings belonged to her husband ; and for loss of such services, caused by the accident, he may have an action."

In *Brooks* v. *Schwerin* (54 N. Y. 348), it was held : " The services

of the wife in the household still belong to her husband, and so far as an injury to her disables her from performing such services the loss is his, and he, not she, can recover therefor." That case was cited in *Coleman* v. *Burr* (25 Hun, 242), in an opinion delivered for this court, approvingly; and the opinion stated " and so far as an injury to her disables her from performing such services the loss is his, and he, and not she, can recover therefor." Our decision in that case was affirmed in 93 N. Y. 17. These and other cases were referred to in the opinion delivered in *Blaechinska* v. *H. Mission & Home* (130 N. Y. 503), and near the close of the opinion it is said, viz.: " Applying the law, as we gather it from the statute and the manifold decisions, to the facts of this case, as now laid before us, we think that the plaintiff is entitled to recover actual damages only, and that the consequential damages for the loss of her services, both in the house and in the shop, should be recovered by her husband in a separate action brought in his own name. The damages for the injury to her person belong to her, because the statute has given them to her, but the damages for the loss of her services belong to him, because the common law gave them to him and the statute has not taken them away." Applying the doctrine of the cases to which reference has been made; we are of the opinion, under the facts disclosed in this case, the learned trial judge ought to have yielded to the request to charge " that the husband has a right of action against the defendant for all loss of household services occasioned by this accident, if anyone is entitled to recover for the accident." For the error presented by an exception taken to the refusal to charge as requested, we think a new trial must be ordered.

MERWIN and PARKER, JJ., concurred.

Judgment and order reversed on the exceptions and a new trial ordered, with costs to abide the event.