(9 Misc. Rep. 479.)

### GRAF v. FEIST.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. FINDING OF FACTS—REVIEW ON APPEAL.
   In an action for wages, where the defense is that plaintiff was discharged for misconduct, but the proof was vague and uncertain, a finding for plaintiff will be sustained on appeal, though his testimony was somewhat contradictory.

2. HUSBAND AND WIFE—RIGHT TO RECOVER FOR WIFE'S SERVICES.
   Plaintiff may recover for his wife's services where the agreement for her services was made with him, and there is no evidence that defendant ever paid the wife individually, or intended to do so.

Appeal from eleventh district court.

Action by Jean Graf against Simon Feist. There was a judgment in favor of plaintiff, and defendant appeals. Modified.

Argued before BOOKSTAVER and GIEGERICH, JJ.

Lawrence P. Mingey, for appellant.
Robert Goeller, for respondent.

BOOKSTAVER, J. This action was brought by the plaintiff for the purpose of recovering for wages which he claimed to be due him, as engineer, and for the services of his wife, as janitress, of certain premises belonging to the defendant. The defense was that the plaintiff and his wife had been discharged for misconduct on their part during the course of their employment, and also a counterclaim for goods sold the plaintiff, or his wife. On the trial it appeared that the employment was a monthly one, and that a full month's services had been rendered by the plaintiff before his discharge. The proof as to the misconduct of the plaintiff was vague and uncertain, and we think the justice did not err in the conclusion at which he arrived upon the evidence before him. It is true

v.30 N.Y.s.no.1—16

that the plaintiff's testimony was somewhat contradictory, but the justice had all the parties before him, and could better judge of the weight to be given to the testimony of the witnesses produced than we can possibly do. But it is clear that the justice erred in his calculation as to the amount due the plaintiff. The action was brought to recover the sum of $118.04. On the trial, after the plaintiff had rested his case, his counsel reduced the claim to $80.56. The defendant offered evidence in support of his counterclaim, which amounted to the sum of $31.50, and which the justice allowed at $16.50. As found by the justice, there was due the plaintiff, for wages for the month of November, according to the contract between the parties, $50; for the work during the month of December, five days, for which he allowed $2.50 per day, amounting to $12.50. He also found that there was $7 due for services of the wife, and $3.50, a balance for moneys expended for materials furnished in and about the premises. An examination of the receipts in evidence shows that, instead of the balance being $3.50, it was in reality but $3.04. This, together with the items above mentioned, amounts to $72.54, or, as the justice states it, $73. It is obvious, therefore, that he did not deduct the amount of the counterclaim from that sum, which would leave the true amount due the plaintiff, according to the justice's finding, $56.04. This error arose, probably, from the fact that copies of monthly bills had been introduced in evidence, amounting in all to $27. But it is clear from plaintiff's testimony that these had all been paid, for he rendered a bill to the defendant for the month of November which amounted to $84.54, upon which there was a credit of $4, reducing it to $80.54, the exact amount claimed by him on the trial. When interrogated by the defendant's counsel as to this November bill, he stated that there was no other debt existing from the defendant to him at the time for materials furnished, and repeated this statement, when interrogated by the court, in such a manner that there could be no mistake as to the matter. Besides this, the defendant introduced in evidence the receipt of the plaintiff for the month of November, showing payment in full for that month; and we apprehend that monthly bills of expenses fall within the same rule as receipts for rent, and it has been held that such a receipt is presumptive evidence that all rent previously accrued has been paid. Decker v. Livingston, 15 Johns. 479.

It is also contended that the court erred in allowing a recovery for the wife's services as janitress, on the ground that she had a right, under the married woman's act, to sue individually. But the husband's testimony is that he made the arrangement with the defendant for the services of his wife as janitress, and there is no evidence that the defendant ever paid the wife individually, or intended to do so. In Blaechinska v. Howard Mission, 130 N. Y. 497, 29 N. E. 755, it was held that where the wife works with her husband for another, and their joint earnings are used to support the family, if there is no special contract that she is to receive the avails of her labor, they belong to him, and he is entitled to recover their value; citing Birkbeck v. Ackroyd, 74 N. Y. 356; Beaw v.

Kiah, 4 Hun, 171. The judgment must therefore be modified by reducing the principal amount to $56.04, to which are to be added the costs in the court below. No costs to either party upon this appeal.