DETERMINED IN THE

# FOURTH DEPARTMENT

AT

## GENERAL TERM,

### 𝕹𝖔𝖛𝖊𝖒𝖇𝖊𝖗, 1894.

---

MARY ANN THURINGER, Respondent, *v.* THE NEW YORK CENTRAL
AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Personal injuries on a city street — questions of negligence properly submitted to the
jury — action maintainable against a railroad corporation as well as the city.*

Upon the trial of an action brought to recover damages for personal injuries
alleged to have been sustained by reason of the wrongful and negligent acts of
the defendant, a railroad corporation, in permitting the water from its water
column, used in supplying its engines, to escape and flow upon the sidewalk
and to accumulate and freeze thereon so that it became icy, dangerous and an
obstruction to the public travel, the evidence on the part of the plaintiff tended
to show that the water, which dripped from such column while being shut off,
ran upon or was carried by the wind on to the sidewalk of a street; that the
drain which usually carried off the water was allowed to become blocked by
ice and snow and the water allowed to continue to flow upon the sidewalk
which became icy and dangerous, and that the plaintiff walking on such side-
walk slipped upon the ice which had accumulated thereon and received the
injuries complained of.

The evidence of the defendant tended to show that the condition at the water
column and of the sidewalk at the point where the accident occurred was not as
testified to by the plaintiff's witnesses.

*Held,* that it was proper to submit to the jury the questions whether the defend-
ant was negligent in permitting the water to flow upon the sidewalk and freeze
so as to render it dangerous for persons passing over it, and also the question
whether the plaintiff was guilty of contributory negligence;

That the action, if negligence be proved, was maintainable against the railroad
corporation, and that the city in which the accident happened was not alone
liable for the damages occasioned by reason thereof.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 8th day of February, 1894, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 5th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal said order.

*C. D. Prescott,* for the appellant.

*Timothy Curtin,* for the respondent.

MARTIN, J. :

This action was brought to recover damages alleged to have been sustained through the wrongful or negligent acts of the defendant, in permitting the water from its water column used in supplying its engines, to escape and flow upon the sidewalk and to accumulate and freeze thereon so that it became icy, dangerous and an obstruction to the public travel, by reason of which the plaintiff fell and was injured.

The evidence of the plaintiff tended to show that the water, which dripped from this column while being shut off, ran upon or was carried by the wind on to the sidewalk of James street in the city of Rome ; that the drain which usually carried off the water was allowed to become blocked by ice and snow and the water allowed to continue to flow upon the sidewalk, which became icy and dangerous, and that on the 10th of January, 1892, the plaintiff, walking on such sidewalk, slipped upon the ice which had accumulated thereon, and received the injuries complained of. The evidence of the defendant tended to show that the condition at the water column and of the sidewalk at the point where the accident occurred was not as testified to by the plaintiff's witnesses. Upon the whole evidence the court submitted to the jury the question whether the defendant was negligent in permitting the water to flow upon the sidewalk and freeze, so as to render it dangerous for persons passing over it, and also the question whether the plaintiff was guilty of contributory negligence. The jury found in favor of the plaintiff on both.

On a former appeal in this case, where the evidence was substantially like that now before us, it was held that the questions of the defendant's negligence, and the plaintiff's freedom from contributory negligence, were questions of fact.   (71 Hun, 526.)   We think that decision should be followed, and that both of those questions were properly submitted to the jury.   (*McGoldrick* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. St. Repr. 566; affd., 142 N. Y. 640; *Chisholm* v. *State*, 141 id. 246.)

The defendant also claims that the city of Rome was alone liable, and that this action cannot be maintained against the defendant. The *McGoldrick* case (*supra*) arose at the same place under circumstances quite similar to those proved on the trial of the case at bar.   On an appeal to this court in that case the question here presented was raised and decided adversely to the defendant.   As that case was affirmed by the Court of Appeals, we think it is decisive of the question under consideration, and requires us to hold adversely to the defendant's claim.

Under the evidence, the question whether the defendant fell upon the sidewalk, and whether the sidewalk was made icy and dangerous by water from the defendant's water column, were clearly for the jury.

On the trial the defendant asked the court to charge as follows: "I ask your Honor to charge that if the ice upon which she fell is found by the jury to have been formed after two o'clock in the afternoon, that the plaintiff cannot recover."   The court replied: "Well, I decline to charge that, for some of your own witnesses swear to the accustomed formation of ice there to a certain extent." To this the defendant excepted.   We find in this ruling no error that would justify a reversal of the judgment.

As no other questions are raised by the appellant, we are of the opinion that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment and order affirmed, with costs.