Cont. (6th Ed.) 548. And see Renaud v. Sampson, 12 N. Y. 561; Bull v. Willard, 9 Barb. 641; Tibbitts v. Percy, 24 Barb. 39; Coons v. Chambers, 1 Abb. Dec. 439; Long v. Railroad Co., 50 N. Y. 76. A warranty was clearly intended by both parties, and the language expressed gives full effect to the intention. It is elementary that, to constitute a warranty, it is not necessary that the vendor should use the word "warrant" or "warranty." If the language actually used at the time of the sale, upon a fair construction, amounts to or is equivalent to an undertaking on the part of the owner that the property is what it is represented to be, this is sufficient to create a warranty. Story, Sales (4th Ed.) § 357; Canning Co. v. Metzger, 118 N. Y. 260, 23 N. E. 372; Jones v. Mayer, 16 Misc. Rep. 586, 38 N. Y. Supp. 801; Machine Co. v. Bushnell, 9 Misc. Rep. 462, 30 N. Y. Supp. 228. It is said by a learned text writer that "if a bill of sale be given, in which an article is described, we consider it the better rule that this description has the full effect of warranty." 1 Pars. Cont. *582. See, also, Hawkins v. Pemberton, 51 N. Y. 198; Canning Co. v. Metzger, supra.

Apart from the technical question of warranty, the representation contained in the bill of sale, and acted on by the vendee, constitutes an agreement as to the condition of the press, for the breach of which, under the circumstances, the defendant is responsible in like damages to the plaintiff. Fitch v. Kennard, 2 Misc. Rep. 96, 20 N. Y. Supp. 845. The damages allowed are those necessarily flowing from the breach, to wit, the reasonable expense incurred in putting the machine in the condition called for by the contract, as proved by the experts who did the work.

The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.

---

## BROWN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. OBJECTION TO QUESTION—SUFFICIENCY.
    An objection to a question as "incompetent, immaterial, and irrelevant" is too general to be available on appeal, unless the question is incompetent for any purpose.

2. EXPERT WITNESS—EVIDENCE.
    It is incompetent in an action for personal injuries for defendant's attorney to ask his medical expert: "Would you say that B. [the person injured] were a malingerer? Or what qualification would you put upon it?"—since the question asks the witness to characterize B. by a term implying willful deception or perjury, and permits the witness to qualify the term in any way he pleases.

3. EXPERT WITNESS—EXAMINATION—EXPERIENCE.
    It is not error to rule out questions to expert witnesses put to show their experience in branches not essential to qualify them as witnesses in the case at bar.

4. WIFE'S EARNINGS—HUSBAND'S RIGHT.
    In an action by a husband for injuries to the wife, it is proper to refuse to charge that the husband has no absolute legal right to the earnings of his wife, where the evidence shows that the husband and wife lived together, but does not show that the wife's earnings were kept apart by her as a separate estate.

Appeal from city court of New York, general term.

Action by Linsey Brown against the Third Avenue Railroad Company to recover loss of services of plaintiff's wife, from an injury alleged to have occurred by the defendant's negligence. From a judgment of the city court (42 N. Y. Supp. 700) affirming judgment in favor of plaintiff for $900, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John Vernou Bouvier, Jr., and Hoadley, Lauterbach & Johnson, for appellant.

W. B. Donihee, for respondent.

DALY, P. J. The wife of the plaintiff, while a passenger upon defendant's car, was injured by a collision between it and another car of the same line, and he sues in this action to recover for the loss of her services. The jury gave a verdict of $900, and the defendant appealed to the general term of the city court, where the judgment and an order denying a motion for a new trial were affirmed. An appeal is taken to this court, and a reversal asked for alleged errors in the rulings of the trial judge upon questions of evidence, and requests for instructions to the jury. These will be considered in the order in which they are presented by the appellant's brief.

After evidence of the injury sustained by Mrs. Brown had been given, and her physician had testified to her condition when he was first called to attend her and at the time of the trial, he was asked by plaintiff's counsel, "In your opinion, is she likely to recover?" The defendant's counsel objected to the question as incompetent, immaterial, and irrelevant. The objection was overruled, and an exception taken. The appellant urges that the question was improperly allowed, because it was not based on personal observation, and was hypothetical, because its scope was not limited, and it did not appear that everything upon which it was based had been presented in evidence, and that it was speculative, conjectural, and eliminated the element of reasonable certainty; that it allowed an opinion based in part upon facts outside of the evidence; and for other reasons. None of these grounds of objection was taken at the trial, when, if it had been, it could have been obviated by other inquiry of the witness. The only objection in the record is that the question was incompetent, immaterial, and irrelevant. Such objection "does not specify the grounds for excluding the question, or in what respects the evidence called for by the question is improper; and it is, in effect, general in its nature." Wallace v. Vacuum Oil Co., 128 N. Y. 579–581, 27 N. E. 956. The question called for an opinion as to the probability of Mrs. Brown's recovery. In Strohm v. Railroad Co., 96 N. Y. 305, it was held that, to entitle a plaintiff to recover present damages for apprehended further consequences, there must be such a degree of probability of their occurring as amounts to reasonable certainty that they will result from the original injury. In Griswold v. Railroad Co., 115 N. Y. 61–63, 21 N. E. 726, a question to a medical witness, "What is the

probability of her recovery?" was held proper. Without inquiring whether, under the latter decision, the question, "Is she likely to recover?" might not be unobjectionable, it is sufficient to say that the point discussed by appellant is not presented by his exception, under the authority of Wallace v. Oil Co., above cited. In that case, which was an action for personal injuries, the question and objection were:

"Q. Assuming the man's age to be from 58 to 60 years, and judging from that and from the whole history of his case, and what you have learned of it in all ways, would you say that it is your opinion that the trouble with the heart is likely to improve to any extent in his case, or not? (Objected to as immaterial and incompetent. Received. Exception.) A. I think it is not likely to improve."

The court held the objection insufficient, saying:

"As a general objection, it may be conceded that it would suffice, if the question was altogether an improper one. But we cannot say that it was. The witness was qualified to give his opinion upon the nature and reasonable certainty of the consequences, in the future, to be expected from the physical injuries and disturbances from which the plaintiff suffered, and such evidence would be properly admitted. He might also have properly given his opinion upon a hypothetical case presented by a question which assumed the facts disclosed by the evidence. The objectionable feature in the question, as asked, consisted in the counsel's calling for an opinion based upon the witness' knowledge of the plaintiff's physical condition, which he may have derived from outside sources, and cannot be predicated solely upon the facts in evidence; and the question allowed the witness to state possible consequences, and such as were speculative and not reasonably certain. But, had the objection to the question stated these grounds, the examining counsel, if he desired to press the examination in that line, might have recognized its correctness and have changed the form of his question, eliminating the objectionable elements."

The authority is directly in point, and disposes of the appellant's objection and exception in this case.

The next exception urged by the appellant was to the disallowance of the question addressed by defendant to its own medical expert, who had examined the plaintiff and had testified to the experiments he had made to ascertain whether the symptoms that she complained of were feigned or real. With reference to tenderness and pain in certain parts of her body, he stated that when he diverted her attention from the parts in question, and then exerted firm pressure upon them, she made no outcry, whereas, before that time, if he even attempted to press, she drew back as if it were going to hurt her. He was then asked by defendant: "Would you say that Mrs. Brown were a malingerer? Or what qualification would you put upon it?" On the objection of plaintiff, this question was excluded. The evidence showed that the subjective symptoms of which Mrs. Brown complained could and might be assumed or feigned, and it is contended that defendant's medical expert should be allowed to give an opinion upon that point (Quaife v. Railroad Co., 48 Wis. 513–521, 4 N. W. 658), especially as plaintiff's medical witness had been permitted to give an opinion as to Mrs. Brown's truthfulness, without objection, when cross-examined by defendant, and examined on the redirect by the plaintiff. If the question put by defendant to his witness had been the same as that asked of the plaintiff's expert, namely, whether the subjective symp-

toms may have been assumed or feigned, or even whether, in the opinion of the witness, they were feigned or real in this case, that question might have been proper.    But the question excluded was: "Would you say that Mrs. Brown were a malingerer?    Or what qualification would you put upon it?"    "Malingering" had been defined by the expert as "a deception practiced by anybody, from which they try to make out that they are sick when they are not sick."    The witness was thus required by the question to say, not whether the subjective symptoms were feigned, but to characterize Mrs. Brown by a particular term, implying a willful deception, or even perjury, and, in addition, to qualify the opprobrious term in any way he pleased.    This was clearly improper, and was justly excluded.    The ruling did not prevent defendant from eliciting a proper question from the witness, who in fact immediately afterwards stated that there was a large element of hysteria in her symptoms, and that hysteria was entirely a nervous affection. This, in effect, disposed of the contention that she was a malingerer.

Error is claimed in the allowance of a question put to Mrs. Brown, as to "what had been her feeling ever since the day of the accident." It was objected to on the ground that it called for a conclusion and a general statement.    These grounds were manifestly untenable, and are not now argued by appellant; the objection now urged being that the question permitted the witness to describe feelings due to other causes than the accident, and based upon facts not in the record. No such ground was taken at the trial, or the objection might have been obviated.    For want of a proper objection, therefore, this exception is unavailing.    To the question, "Are you able to take care of yourself?" an objection was interposed, but no grounds of objection stated.    The exception to the ruling allowing the question is therefore ineffectual.    Turner v. City of Newburgh, 109 N. Y. 308, 16 N. E. 344; Bergmann v. Jones, 94 N. Y. 58; People v. Beach, 87 N. Y. 512; Tiemeyer v. Turnquist, 85 N. Y. 523.

In seeking to qualify his medical witness as an expert, it was elicited by the defendant that the witness was a member of the board of health, and he was then asked what his duties were as a member of the board.    This was excluded, and defendant excepted. The record does not show that experience in performing the duties of a member of the board of health would give the testimony of the witness greater value in this case.    On the other hand, he was subsequently allowed to state what his duties were, thus curing the error, if any; and it then appeared that on the board he was a diagnostician of contagious diseases, connected with the contagious bureau.    The connection between the experience acquired in the performance of these duties and that which qualified the witness as an expert in the present case is not apparent, and no error is presented by this exception.

It is claimed that the trial justice erred in refusing to charge the jury, at the defendant's request, that the plaintiff, Mrs. Brown's husband, had no absolute legal right or claim to the earnings of his wife.    It had been shown that Mrs. Brown, before the accident, worked as laundress, and earned a dollar and a half a day, and since

the accident was unable to do anything.   The justice had previously charged the jury that her services and earnings belonged to her husband, and for the loss of such services he had a right to recover.   To this charge the defendant did not except, but, on the contrary, asked the court to instruct the jury as follows:

"If you find a verdict for the plaintiff at all in this case, it is for you to say how much the husband has been damaged pecuniarily through the injuries to his wife.   The damages in this case, if you award any, are not to be a compensation for any pain or suffering or sentimental injury, but for the actual loss through inability, if you find there is any, of this woman to work and earn money."

That instruction was given, and yet afterwards defendant's counsel asked the court to charge that the husband has no absolute legal right or claim to the earnings of his wife.   This last request, if intended to be applicable to the question submitted to the jury, was inconsistent with the previous request, and therefore properly rejected.   Defendant was not entitled to directly opposite instructions upon the same point.   In addition it may·be said that the instruction asked for was not a correct statement of the law to be applied to the facts of this case.   The earnings of a wife, whether at home or abroad, unless acquired in the pursuit of a separate business, or in connection with her separate estate, presumptively belong to her husband.   Uransky v. Railroad Co., 118 N. Y. 304, 23 N. E. 451.   In Blaechinska v. Howard Mission, 130 N. Y. 497, 29 N. E. 755, which was an action by a married woman to recover damages for personal injuries, it was held that she was not entitled to recover for the loss sustained by inability to work for her husband as a seamstress, for which she received from him a weekly salary, and that damages for the loss of her services, both in the house and as seamstress, could be recovered only in a separate action brought by her husband in his own name.   In Brooks v. Schwerin, 54 N. Y. 343, which was an action of a similar character, it was shown that the wife worked out, and received 10 shillings a day.   The court refused to charge that she could not recover for her time and services while disabled.   It was held that the request was too broad, and was properly refused. The distinction between the two cases is pointed out in the former:

"When she worked for a stranger, it was on her sole and separate account, and the enabling act protected her contract.   When she worked for her husband, it was on his account, and the statute did not apply.   In Filer v. Railroad Co., 49 N. Y. 47, it was held that a wife not engaged in business, or in performing labor on her sole and separate account, when injured by the wrongful act of another, could not recover damages resulting from her inability to labor.   The court said:   'Her services and earnings belong to her husband, and for the loss of such services, caused by the accident, he may have an action.   She is authorized to sue for any injury to her person or character, the same as if she were sole.   This is for the direct injury, and for direct and immediate damages, unless she is, on her own account and for her own benefit, engaged in some business in which she sustains a loss.' "

In this case it does not appear that Mrs. Brown's earnings were earned or saved and kept apart by her as a separate estate.   It does appear that she and her husband were living and kept together, and the presumption is that her earnings were turned in as a part of

the family resources. In Birkbeck v. Ackroyd, 74 N. Y. 356, the court said:

"The bare fact that she performs labor for third persons, for which compensation is due, does not necessarily establish that she performed it, under the act of 1860, upon her separate account. The true construction of this statute is that she may elect to labor on her own account, and thereby entitle herself to her earnings; but in the absence of such an election, or of circumstances showing that she intended to avail herself of the privilege and protection conferred by the statute, the husband's common-law right to her earnings remains unaffected."

See, also, Beau v. Kiah, 4 Hun, 171; Graf v. Feist, 9 Misc. Rep. 479, 30 N. Y. Supp. 241.

In Thuringer v. Railroad Co., 71 Hun, 526, 24 N. Y. Supp. 1087,— an action by a wife for personal injuries,—it was held that her husband was the one entitled to recover for all loss of household services occasioned by the accident, though it appeared that he had not lived with his wife for twelve years, and that she earned money by cleaning and ironing, and had used all her earnings for her own support and maintenance during that time. The court observed:

"There was no proof that she had not heard from him during the period of time covered by the separation from him, or where he was, or that he had not assisted her; nor was there any proof that there had been a dissolution of the marriage relation, or agreement that she should have her earnings separate and independent of any claim by him."

This decision illustrates the strength of the presumption of the husband's continued liability to support his wife, and of his performance of that duty, and of his consequent common-law right to her earnings. Under these authorities, the request to charge was properly refused, as inapplicable to the facts of this case.

As no error is presented by any of the exceptions taken by the defendant, the judgment must be affirmed.

Judgment affirmed, with costs. All concur.