(34 Misc. Rep. 528.)

## KLAPPER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    April 16, 1901.)

HUSBAND AND WIFE—DAMAGES FOR NEGLIGENCE—EVIDENCE OF WIFE'S EARN-
ING CAPACITY—ADMISSIBILITY.

Where a married woman claims damages resulting from negligence,
and there is no averment or proof that she labored on her own account,
evidence of her earning capacity is inadmissible, since the husband is
entitled to her services unless rendered on her sole and separate account.

Appeal from municipal court, borough of Manhattan, Fourth dis-
trict.

Action by Pauline Klapper against the Metropolitan Street-Rail-
way Company. From a judgment for plaintiff, defendant appeals.
Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVEN-
TRITT, JJ.

G. Glenn Worden, for appellant.
Simon Lorincz, for respondent.

LEVENTRITT, J.    The plaintiff, a married woman, living with her
husband, recovered a judgment below for damages resulting from de-
fendant's negligence.    The sole question presented on this appeal is
whether the admission of the following testimony on behalf of the
plaintiff constituted reversible error:    "Q. What were the average
amounts of your earnings per week?    A. Sometimes a dollar, some-
times a dollar and a half, sometimes one twenty-five and two dollars
a day,—eight to ten dollars a week."    The defendant duly excepted to
this testimony, after proper objection taken, and, having developed on
cross-examination that the plaintiff was a married woman, living with
her husband, moved to strike it out.    This motion was denied.

On the proof in this case, the testimony was inadmissible.    At
common law the husband was absolutely entitled to the services and
earnings of his wife, and neither the enabling act of 1860, nor the
broader one of 1884, has affected this right, unless the services and
earnings were rendered or received expressly upon her sole and sep-
arate account.    Holcomb v. Harris, 166 N. Y. 259, 261, 59 N. E. 820;
In re Callister, 88 Hun, 87, 34 N. Y. Supp. 628.    In Uransky v. Rail-
road Co., 118 N. Y. 304, 23 N. E. 451, it was said: "Presumptively,
damages for negligently diminishing the earning capacity of a mar-
ried woman belong to her husband, and, when she seeks to recover
such damages, the complaint must contain an allegation that for some
reason she is entitled to the fruits of her own labor."    In the absence
of such an allegation, the judgment there was reversed for error in
admitting in evidence the earning capacity of the plaintiff as a dress-
maker.    In this case the pleadings were oral.    In her written bill of
particulars the plaintiff states that she had lost in wages "thus
far $36."    Conceding the existence of a more liberal rule in the case
of oral pleadings, the plaintiff would still have to show by the proof
some reason why she is entitled to the fruits of her own labor.    What
an adequate reason is has been the subject of judicial construction.

While it has been held in one case (Brooks v. Schwerin, 54 N. Y. 343),
and implied by dictum in another (Blaechinska v. Howard Mission,
130 N. Y. 497, 503, 29 N. E. 755, 15 L. R. A. 215), that, where the wife
worked for a stranger, that in itself was sufficient to make her earn-
ings for the benefit of her sole and separate account, the better con-
sidered view seems to be that the bare fact that she performs serv-
ices for third persons does not necessarily bring it within the statute.
"The true construction of this statute is that she may elect to labor
on her own account, and thereby entitle herself to her earnings, but
in the absence of such an election, or of circumstances showing that
she intended to avail herself of the privilege and protection conferred
by the statute, the husband's common-law right to her earnings re-
mains unaffected." Birkbeck v. Ackroyd, 74 N. Y. 356, 358. This
case arose under the statute of 1860, but on the point involved the
same reasoning applies to the present law. Brown v. Railroad Co.,
19 Misc. Rep. 508, 43 N. Y. Supp. 1094 (decided by this court in 1897),
is much in point. That was a case in which the plaintiff sued to re-
cover damages for the loss of his wife's services. She testified, with-
out objection, that before the accident she worked as a laundress,
earning $1.50 a day. The trial justice refused to charge that the hus-
band had no absolute legal right or claim to the earnings of the wife.
Following the Uransky Case, supra, it was held that the earnings of
the wife, whether at home or abroad, unless acquired in the pursuit of
a separate business, or in connection with her separate estate, pre-
sumptively belonged to the husband. It did not there appear that
the wife's earnings were saved or kept apart by her as a separate es-
tate; she and her husband lived together, "and the presumption is
that her earnings were turned in as part of the family resources."
Page 510, 19 Misc. Rep., and page 1098, 43 N. Y. Supp. In the case
at bar the record discloses nothing but the single fact that the plain-
tiff did washing for third persons, and that those earnings went to-
wards the family's support. A different question might be presented
were the husband permanently disabled and unable to contribute any-
thing to the living expenses. The proof here, however, only shows
that the husband was temporarily incapacitated, and had been in the
hospital for a week, but there is otherwise nothing to overcome "the
strength of the presumption of the husband's continued liability to
support his wife, and of his performance of that duty, and of his con-
sequent common-law right to her earnings." Brown v. Railroad Co.,
supra; Thuringer v. Railroad Co., 71 Hun, 526, 24 N. Y. Supp. 1087.
With the husband entitled presumptively to all the earnings of his
wife, the mere fact of her working out at the expense, perhaps, of the
performance of her household and domestic services, to which he is
concededly entitled in any event, there must be something averred—
proved—to show that she labored on her own account. In the ab-
sence of a proper foundation, it was error to admit the testimony, and
the judgment should therefore be reversed.

    Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.